## BUSH *v.* STATE

[No. 54, September Term, 1960.]

*Decided November 8, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Donald G. Murray* for the appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant (along with two other defendants who did not appeal) was convicted of armed robbery by the court sitting without a jury. The claim is that the evidence was insufficient to sustain the conviction because the appellant was not properly identified. The contention as to identity was based on the fact that the appellant was identified in open court by the witnesses as he sat with the co-defendants, who had been called by their names, advised to stand, and then to be seated.

The operator of a grocery store and his wife were held up at the point of a gun by the appellant while one of the other two stood watch and the third one rifled the cash register. At the trial, the eyewitness victims positively identified the appellant and another of the robbers. As the trio left the store in a run, they were pursued by the police and the appellant was caught. In a statement to the police, the appellant admitted that the subsequently recovered gun used in the hold-up was his. The officer also identified the appellant.

On an appeal in a non-jury case involving the sufficiency of the evidence, the only function of this Court is to determine whether the evidence, or proper inferences therefrom, was sufficient for the trial court to find a verdict of guilty. Since the evidence was clearly sufficient to justify conviction, we must affirm. *Hazel v. State,* 221 Md. 464, 157 A. 2d 922 (1960). The credibility of the witnesses who identified the appellant and the sufficiency of the identification were matters for the trial court to determine. *Brown v. State,* 222 Md. 312, 160 A. 2d 95 (1960).

*Judgment affirmed.*