## BAILEY *v.* STATE

[No. 29, September Term, 1961.]

*Decided September 22, 1961.*

The case was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Jack Garretson-Butt,* for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *John Paul Rogers, State's Attorney* and *Assistant State's Attorney* for Baltimore City, respectively, on the brief, for appellee.

PER CURIAM.

The only question requiring a decision on this appeal is whether the evidence was legally sufficient to sustain the conviction of the appellant (John W. Bailey, Jr.) for burglary.

When the prosecuting witness woke up about 5:10 a.m., on December 3, 1960, she saw a colored man standing in the living room of her apartment at 1109 St. Paul Street with his back to her. With the aid of the light in the kitchen—located off a wide hall on the opposite side of the living room from the bedroom—she observed that the intruder was wearing a red and white plaid carcoat and a light cap, but she never saw his face. Immediately upon telling him that she "was going to put a bullet through his back," the telephone rang and the man bolted down the hall, into the kitchen and fled through a window. No property was stolen.

The police, having been alerted, apprehended the appellant while he was riding in a taxicab approximately seven blocks from the apartment. The cab which he had hailed at Charles Street and Mount Royal Avenue at 5:25 a.m. had proceeded only a distance of three blocks before it was stopped. The appellant was arrested because of the similarity of his clothing to that worn by the intruder.

At a police line-up with four other men held at 7:30 a.m., the prosecuting witness identified the appellant as the intruder by the clothing he was wearing and by his height and weight. At the trial the witness again identified the appellant as the person who was wearing the plaid coat and on cross-examination stated that if she had not recognized the coat she "would not have picked it out."

We have held time and time again that identification by a single eye-witness, if believed, is sufficient to support a conviction. *Booth v. State,* 225 Md. 71, 169 A. 2d 388 (1961). Here the trial judge, after indicating that he believed the testimony of the prosecutrix, stated that there was no doubt whatsoever in his mind "on the question of identification." And, having found that the appellant had been sufficiently identified, the court could properly infer a felonious intent to steal from the unexplained presence of the appellant in the apartment at five o'clock in the morning.

The only function of this Court in a non-jury case involving the sufficiency of the evidence is to determine whether the evidence, or proper inferences therefrom, was sufficient for the trial court to convict; and, since we think it was in this case, we must affirm. *Bush v. State,* 223 Md. 382, 164 A. 2d 724 (1960); Maryland Rule 741 c.

The other two questions posed by the appellant (but not advocated by his counsel on appeal)—the claims of illegal arrest and delay in taking him before a committing magistrate—not having been raised below, are not properly before us. Rule 885.

*Judgment affirmed.*