## WEBSTER, Jr. *v.* STATE

[No. 254, September Term, 1961.]

*Decided May 2, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HORNEY, MARBURY and SYBERT, JJ.

*S. Raymond Dunn* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The defendant-appellant, Webster, was tried in the Criminal Court of Baltimore before the court, sitting without a jury, on two separate indictments and was found guilty under one count of each indictment. One charge of which he was found guilty was robbery with a dangerous and deadly weapon (Code (1957), Art. 27, § 488). The other was unlawfully carrying a pistol in a vehicle in violation of a Baltimore City ordinance (Baltimore City Code (1950), Art. 24, § 48). On the charge of robbery with a deadly weapon the appellant was sentenced to twenty years' imprisonment, and on the other charge he was sentenced to one year's imprisonment, this sentence to run concurrently with the first. The defendant's motion for a new trial was denied and he now appeals from the conviction. He contends that the evidence was insufficient to sustain his conviction under either charge. He particularly challenges the sufficiency of his identification and asserts some inconsistencies in the testimony against him.

There was evidence that the defendant was one of a group of three men who held up a pharmacy on the night of March 11, 1961. The proprietor, who was a victim of the hold up, testified that the defendant entered the store with a sawed off shotgun concealed under his coat, that he opened the coat, took out the gun and pointed it at the proprietor during the hold up. About $250.00 in cash, some whiskey and cigarettes and several wrist watches were stolen. The proprietor promptly furnished a description of two of the men (he did not get a good look at the third) to the police. He later identified the defendant as one of the two.

Two nights later the defendant was a passenger in a friend's car which was stopped, after a chase, for a traffic violation. The driver jumped out and ran. The defendant and his remaining companion were questioned, and a police officer, in

examining the car, found a pistol, loaded with two cartridges, under the right front seat, where the defendant had been sitting. The defendant was taken to the Central Police Station. It was there noted that he seemed to match the teletype description of one of the men wanted for the above armed robbery. The Western Police District, which was investigating that robbery, was notified, and the defendant was turned over to that District. He was separately identified in line-ups there by the proprietor of the store that had been robbed and by a messenger boy employed at the store who was returning to it just as two of the robbers were leaving. They also identified the defendant at the trial. The evidence of identity, if believed (as it evidently was), was sufficient. *Booth v. State,* 225 Md. 71, 169 A. 2d 388; *Bailey v. State,* 226 Md. 353, 173 A. 2d 732. The defendant sought to establish an alibi and also sought to show contradictions and an improbability, if not impossibility, in the testimony against him. We think that the evidence above outlined, if believed, was fully sufficient to warrant the trial judge's finding of the defendant's guilt. He was not bound to believe the alibi (*Ponder v. State,* 227 Md. 570, 572, 177 A. 2d 839, and cases therein cited), and we find no error in his not being sufficiently impressed by the asserted contradictions or by the alleged "impossibility" to find a reasonable doubt of the defendant's guilt. We may add that we see nothing "impossible" in the facts alleged to show impossibility. A man could carry a sawed off shotgun and a one-fifth bottle of whiskey and still take off a pair of glasses.

As to the pistol, in addition to its being found under the seat occupied by the defendant, there was also testimony of a police officer that the defendant admitted that he had obtained the pistol from a friend with the purpose of holding up a liquor store in Washington, D. C.

We accordingly find no basis as to either charge upon which to find that the trial judge was clearly in error or in error at all, in finding the defendant guilty. Maryland Rule 741 c; *Patterson v. State,* 227 Md. 194, 175 A. 2d 746; *Ponder v. State, supra,* 227 Md. at 572.

*Judgments affirmed.*