## HUELIN *v.* STATE

[No. 226, September Term, 1963.]

214

*Decided March 18, 1964.*

The cause was submitted to BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on brief by *Philip H. Goodman* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Eli Baer, Special Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert F. Freeze, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant was tried in the Criminal Court of Baltimore by the court, sitting without a jury, and was found guilty of robbery with a deadly weapon. He appeals from the conviction and asserts (a) that the evidence was insufficient and (b) that

a comment by the trial judge in reviewing the evidence was "so erroneous as to constitute an error of law."

The appellant's contention that the evidence was insufficient to support his conviction is without merit. There was testimony to show that the victim had been robbed by a man wielding a tire iron and to identify the appellant as the assailant. This evidence, if believed, was ample to sustain the conviction. Credibility was, of course, primarily to be determined by the trier of the facts, and quite evidently he believed this testimony. We find no error in his doing so.

The second contention grows out of the appellant's claim that one of the witnesses had a grudge against him because he had "kidded" her by calling her a Lesbian. This brought a comment from the trial court to the effect that he understood that a true Lesbian would not resent such a statement, that the defendant had testified that he knew this witness to be one, and hence that she would not have been angered by the statement. This comment by the trial judge seems to us to have been unnecessary, and there is no evidence to support or contradict the correctness of his assumption; nor has anything been brought to our attention upon which judicial notice of its correctness or incorrectness could be founded. If the statement were erroneous, it would involve an erroneous inference of fact, not an error of law, as asserted. If we were to assume, despite our lack of knowledge, that the trial judge's premise was erroneous and hence that his conclusion as to the non-existence of a grudge on the part of the witness was also erroneous, we should regard the error as harmless in the circumstances of this case. For even if the testimony of this witness was biased and was therefore to be viewed with caution, it was in most respects corroborated by that of the appellant himself, and the identification of the appellant by the victim as the man who had robbed him was clear and positive. That alone would sustain the conviction. *Booth v. State*, 225 Md. 71, 169 A. 2d 388; *Bailey v. State*, 226 Md. 353, 173 A. 2d 732.

*Judgment affirmed.*