## CURRY *v.* STATE

[No. 306, September Term, 1963.]

*Decided July 2, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Eugene William Pierelli* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *David T. Mason, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant Curry and one Tingler (who did not appeal) were arrested on a charge of the larceny of an automobile. They were tried on an indictment charging that offense and also unauthorized use of an automobile. After a trial before the

court, sitting without a jury, they were acquitted of larceny and were found guilty of unauthorized use. Curry claims that the evidence was insufficient to sustain his conviction largely because a principal witness for the State, one Hawse, had a grudge against him. He also claims that his arrest was illegal.

The fact that Hawse had a grudge against Curry was clearly shown, and Hawse admitted having said that he would like to see Curry go to jail. Hawse's testimony is conflicting as to whether the incident which gave rise to this statement occurred the evening before or the day of Curry's arrest. The former seems more probable, as Curry was held in custody for several days after his arrest, which occurred at about 10:30 A.M. on April 17, 1963.

In summarizing the evidence Judge Grady pointed out that a white, 1959 Chevrolet automobile belonging to one Spring was missing from the area of Spring's home at 2 A.M. on April 17th, that at about 7 A.M. that day Curry pointed out a light colored Chevrolet car as his, though at that point it was not identified as Spring's automobile. Judge Grady then continued:

"A few hours after that, the witness, Hawse, identifies both of the Defendants as riding in a white 1959 Chevrolet on 30th Street. Again, no specific identification is made that this is Mr. Spring's automobile. But, in this instance, within a matter of moments later, Mr. Hawse points out this automobile which he had seen these boys in in the immediate vicinity, and the police officer testified that almost simultaneously with getting this information from Hawse, he saw the car which turned out to be Mr. Spring's car, and that thereafter, within 10 or 15 minutes, the two Defendants in this case, Curry and Tingler, were apprehended within two or two and a half blocks from where the car was recovered by the police officer.

"So that, in addition to the testimony of Hawse, we have the physical facts of the case, the physical presence of the boys in the vicinity of where this car was recovered within a matter of hours after this car was stolen. All of which established to the Court, be-

yond a reasonable doubt, that these boys were using the car without the authorization of the owner and that they were using the car under such circumstances that [they] either knew or should have known the car was stolen."

Evidence in the record supports Judge Grady's summary, and we think that it was ample, if believed, to support his finding. It evidently was believed. The credibility of the witnesses—and that of course includes the credibility of the one with the grudge—was for the determination of the trier of fact, and we see no basis upon which to upset his finding. Maryland Rule 886 a; *Huelin v. State,* 234 Md. 213, 198 A. 2d 302, another case in which a witness was claimed to have a grudge against the defendant; *Wiggins v. State,* 235 Md. 97, 200 A. 2d 683.

The claim that the arrest of the defendant was illegal is without force. If well founded, it would not of itself and without more prevent the appellant from being validly indicted and tried. See *Slater v. Warden,* 233 Md. 609, 195 A. 2d 675. It is not, however, well founded. The officers had reason to believe that a felony—larceny of the automobile—had been committed and that the appellant had committed it, and hence the arrest was lawful. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80; *Raven v. State,* 233 Md. 241, 196 A. 2d 446. The possession of recently stolen goods—and Curry had been seen in possession of the automobile a few hours after its theft—allows an inference that the possessor is the thief. *Butz v. State,* 221 Md. 68, 77, 156 A. 2d 423; *Cason v. State,* 230 Md. 356, 187 A. 2d 103.

*Judgment affirmed.*