MYERS *v.* STATE

[No. 140, September Term, 1964.]

*Decided February 4, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Melvin Rankin* and *Robert Eugene Smith,* with whom was *Burton W. Sandler* on the brief, for appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Stanley S. Cohen, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

Per Curiam.

Melvin Albert Myers, appellant, was found guilty by Judge Grady in the Criminal Court of Baltimore of common law assault, larceny, and robbery with a dangerous and deadly weapon. He was sentenced to the Maryland Penitentiary for fourteen years.

On January 11, 1964, at 10:00 a.m., Concetta Butler opened Cicero's Tavern. A half hour later, Myers came in and ordered some drinks. At 11:30 that morning Mrs. Butler left the bar and walked to her car parked on the street. As she started for the driver's side of the car, Myers walked up to her and she felt a jab in her ribs. She looked down to see a pistol in his hand, and tried to attract some attention when appellant told her to give him her purse or he would shoot. She heard a click whereupon she gave him the purse, and he ran. Meanwhile, Paul Marzullo was looking out the window of his nearby bar observing the above happenings. When he saw the gun, he alerted Officer Dignazio, a plainclothes policeman. The officer shouted for Myers to stop, firing one shot over his head. The appellant stopped, turned, pointed the gun at the officer and again started running. He slipped and fell rounding a corner, where the officer apprehended him.

On appeal, Myers claims that the evidence was insufficient to convict him of the crimes of assault and robbery with a dangerous weapon. This argument is based upon the premise that his conduct which gave rise to his convictions of assaulting the prosecutrix and the police officer could be viewed as a matter of self defense on his part to stop being shot by the officer. The appellant's testimony categorically denied that he had pointed a gun at anyone or that he had any connection with the gun introduced in evidence. There was no testimony whatsoever of self defense, which is an affirmative defense. Furthermore, the officer had verbally identified himself as a policeman and had ordered the appellant to halt before firing the shot over his head. *Guerriero v. State,* 213 Md. 545, 132 A. 2d 466; *Nixon v. State,* 204 Md. 475, 105 A. 2d 243.

In appellant's contention that there was insufficient evidence to convict him, he cites inconsistencies which he says should

have created a reasonable doubt in the mind of the trier of the facts. We have held in the past that inconsistencies in the testimony of witnesses go only to the weight of the evidence. *Curry v. State,* 235 Md. 378, 201 A. 2d 792; *Wiggins v. State,* 235 Md. 97, 200 A. 2d 683.

The ballistics report as testified to by Officer Dignazio showed that the gun was incapable of firing because the firing pin was sheared off and it would not hit the primer. Thus, for this reason, the appellant claimed that it could not be a dangerous and deadly weapon. We do not agree. A gun fully loaded, as shown by the uncontradicted testimony, but not firable is a deadly weapon. Here, there was the intent to rob by means of intimidation produced by the use of a weapon, coupled with the apparent ability to execute the implied threat to use the weapon if resistance was offered. A secret intention of the appellant not to perform the threatened act or even his undisclosed inability to perform it would be immaterial. *Jackson v. State,* 231 Md. 591, 191 A. 2d 432; *Hayes v. State,* 211 Md. 111, 126 A. 2d 576.

*Judgment affirmed.*