## HAMMOND *v.* STATE

[No. 461, September Term, 1964.]

734

Decided March 21, 1966.

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Kenneth A. Pressman* for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Edward J. Angeletti, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PER CURIAM.

James A. Hammond, Jr., the appellant, was found guilty of larceny of $114 in the Criminal Court of Baltimore, by Judge James K. Cullen, sitting without a jury. He was sentenced to

not more than three years in the Maryland Correctional Institution for Men, and has appealed.

On July 10, 1964, Wayne Petty, an employee of an A. & P. Supermarket, located at 252 North Franklintown Road, was giving change to a customer when a man standing in the next checkout aisle reached into the cash register Petty was operating, grabbed a handful of bills, then ran out of the store and south down Franklintown Road. Petty immediately called for the store manager, John L. Joseph, who was later to testify that Petty described the thief as wearing a "brownish red shirt and smoked glasses." Upon receiving this description Mr. Joseph immediately ran out the front door and saw a man answering this description running south on Franklintown Road. He testified that he shouted for the man to stop and then proceeded to give chase. While the fleeing man was still in sight, Joseph hailed a passing motorcycle policeman, Officer Jerome Welsh of the Baltimore City police, who quickly apprehended the man (later identified as Hammond) after he had run into a dead-end alley across from 230 Franklintown Road. Officer Welsh testified that as he approached the appellant the latter reached into his pocket. Anticipating that the suspect was going to draw a weapon, the police officer grabbed his hand. In the appellant's hand were clutched a number of bills. Officer Welsh then counted these in the presence of the appellant and Mr. Joseph, and they totaled $114. After Joseph told the officer the circumstances under which the money was taken from the store, the appellant was placed under arrest. According to Officer Welsh's testimony, Hammond later gave an oral statement in which he admitted taking the money from the store, but refused to sign a written confession to that effect.

At the trial William Petty testified that "he got a pretty good look from the side" when the thief was taking the money from his register and that after seeing the appellant at the police station on the day of the crime he was sure that the appellant was the thief. Mr. Petty also testified that an inventory of his cash register immediately after the crime revealed that $124.01 was missing. In his testimony he stated that the thief's shirt was red with a yellow check. Joseph testified that the appellant had on a brownish red shirt at the time he was arrested. On the

other hand the appellant testified that he had on a yellow plaid shirt at that time.

On this appeal the only point which is seriously contended by the appellant is that there was no identification of the appellant as the thief which would justify the lower court's judgment of conviction. This contention is founded on the slight variance in testimony by the State's witnesses as to the color of the thief's shirt. In *Bailey v. State,* 226 Md. 353, 173 A. 2d 732, this Court stated: "We have held time and time again that identification by a single eye-witness, if believed, is sufficient to support a conviction." To the same effect is *Huelin v. State,* 234 Md. 213, 198 A. 2d 302. In the present case the slight variance in the testimony was not sufficient to overcome the lower court's finding of fact because Petty's testimony was clear and unequivocal that the appellant was the thief.

The appellant urges on his own behalf that he was denied his constitutional rights because he was the victim of an illegal search and seizure, his arrest was illegal, he was denied legal counsel prior to the time of his preliminary hearing, and witnesses were not notified as to the time of his trial. The above questions are not properly before us because they were not raised in the court below. Maryland Rule 885. Even assuming that the questions were properly before us, we find these contentions to be totally without merit. Equally devoid of merit is his contention which was raised below that all the evidence taken together was insufficient to sustain the lower court's judgment of conviction.

*Judgment affirmed.*