## TURNER *v.* STATE

[No. 180, September Term, 1965.]

*Decided April 29, 1966.*

410

The cause was argued before PRESCOTT, C. J., and MARBURY, BARNES and McWILLIAMS, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*William V. Meyers* for appellant.

*Thomas A. Garland, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Arthur A. Marshall, Jr.,* and *James H. Taylor, State's Attorney* and *Assistant State's Attorney,* respectively, *for Prince George's County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The defendant, Theodore Turner, along with a co-defendant, Harold Smith, the latter did not appeal, was charged in an indictment returned by the grand jury for Prince George's County, with storehouse breaking, larceny, and receiving stolen goods. The body of the indictment contained three separate counts, all of which arose out of the alleged breaking and entry of a restaurant and tavern, owned by one Andrew J. Hamrick, on July 21, 1964. The first count of the indictment charged that Turner:

> "* * * on the 21st day of July in the year of our Lord nineteen hundred and sixty-four, in the day time, at Prince George's County, aforesaid, the storehouse of one Andrew J. Hamrick there situate, unlawfully did break *with intent to commit* a certain misdemeanor there and therein; to wit: with intent then and there certain goods. and chattels of another of the value of *five dollars ($5.00) or upwards,* current money of the United States, in said storehouse, then and there being found, then and there unlawfully to steal, take and carry away, contrary to the form of the Statute in

such case made and provided, and against the peace, government and dignity of the State." (Emphasis added.)

The second count charged a larceny of $83.00, such sum alleged to be the property of Mr. Hamrick, on the same date and place set out in the first count; and the third count charged the defendant with receiving stolen goods.

Pursuant to the above indictment, the appellant was tried before Judge Loveless, sitting without a jury, in the Circuit Court for Prince George's County. At the trial the complaining witness, Hamrick, testified that on the morning of July 21, 1964, he locked his restaurant and tavern (known as the Barbecue Pit and located on Muirkirk Road in Prince George's County) in order to attend to some business elsewhere. On returning to the establishment he noticed a man, whom he later identified as the defendant Turner, seated in a stake body truck. The truck was parked in a lot which adjoined the restaurant and tavern, and was partially loaded with junk. Turner got out of the truck and requested permission to remove some aluminum cans from the lot, and the owner readily gave his consent. Hamrick then walked over to the tavern and discovered that a door thereto was open. Upon investigation he encountered two men inside, who, when he approached, retreated into a storage room and then escaped to the outside via the tavern's back steps. The witness further testified that he ran after the two men and when he got outside noticed that Turner had turned the truck around and was driving slowly away from the building. According to Hamrick, the two fleeing men boarded the moving truck and it then proceeded down U. S. Highway No. 1 with Turner driving. Mr. Hamrick followed the truck in his own vehicle until he got its license plate number and then telephoned the State Police. Upon returning to his premises he observed that the door was "busted open," that the lock was out of the hasp, and that $80 had been removed from the safe within. The missing money was the proceeds from the tavern's juke box and this money belonged to the music company which owned that machine.

The appellant Turner, who had an extensive record of prior burglary and larceny convictions, testified in his own defense

and admitted that he was on Mr. Hamrick's premises on the day in question and was in the company of two other men, *i.e.*, his co-defendant Harold Smith and a second man known to him only as "John." He testified that when he arrived at the restaurant and tavern he did not know that his companions had any plans to break and enter the establishment and he thought that they had gone in the direction of the tavern in order to get permission to remove junk. Turner corroborated the fact that he had asked Hamrick's permission to remove the aluminum cans. According to the defendant, he was engaged in picking up those cans when he saw his two companions run out of the tavern and jump into the truck and heard Smith say, "Let's go." Presumably operating under the strict discipline imposed by an unwritten "junk collector's code", Turner did not question this unusual activity and readily got into the truck because Smith was "the boss of the truck and what he says you have to do." Turner denied that he was the driver of the getaway truck or that he had any other connection with the breaking and entry. He did admit he noticed that the truck picked up speed "awful fast" when leaving the tavern and that a vehicle, which the owner of the restaurant had been using just before, was following them. The co-defendant Smith did not take the stand to testify.

At the close of the State's case, the defendants' privately employed counsel, not counsel on this appeal, asked the court to advise him of the precise charges against his clients because the defendants had both failed to bring their copies of the indictment to court, and the following colloquy took place:

> "The Court: First, there is storehousebreaking and stealing and carrying away $83.00, the property of Andrew J. Hamrick. The second count is larceny of the money of Andrew J. Hamrick, and No. 3 is receiving the property of Andrew J. Hamrick.
>
> "Mr. Kaplan: I make a motion for directed verdict on all counts. There is no testimony here that any property was stolen from Mr. Hamrick.
>
> "Mr. Taylor [Assistant State's Attorney]: I will

somewhat go along with that,[1] except storehousebreaking, we are still in on that count.

"The Court: I think you are, too, but I think you are out on the other two.

"Mr. Kaplan: As to Turner, there is no evidence he took part in it. I state that for the record.

"The Court: I will grant the judgment of acquittal as to counts 2 and 3, as to both defendants, and overrule it as to No. 1."

From the above it is apparent that the trial judge thought that the first count of the indictment charged a breaking and *stealing* of upwards of five dollars. This is a misdemeanor under Code (1957, 1964 Cum. Supp.), Article 27, Section 33, and is punishable by up to ten years' imprisonment. However, as set forth above, the indictment actually charged, in the first count, a breaking *with intent to steal* upwards of five dollars. After the defendants had presented their case, Judge Loveless rendered a verdict of "guilty on the first count" against both defendants, and sentenced the defendant Turner (after receiving a probation report) to five years' imprisonment in the Maryland House of Correction.

Presented on this appeal are two questions: (1) Did the sentence imposed exceed the statutory maximum for the crime of which the appellant was convicted; and (2) was the trial court clearly erroneous in finding the defendant-appellant guilty.

It is the appellant's position that the first count of the indictment charged him with the misdemeanor, as set out in Code (1957), Article 27, Section 342, of breaking with intent to steal less than $100. In effect, he argues that the words used

---

1. Count two stated that the property belonged to Hamrick while the proof showed that the stolen money was held by Hamrick as a bailee for the music company. Apparently this is the reason that the State was willing to acquiesce in the dropping of the larceny count. However, in the case of *Richardson v. State*, 221 Md. 85, 88, 156 A. 2d 436, this Court held that "in a prosecution for larceny, an allegation of the ownership of stolen goods is supported by proof of any legal interest or special property in the goods, as, for instance, where the person named in the indictment is in lawful possession as a bailee * * *."

in the indictment, *i.e.*, intent to steal upwards of five dollars, was merely a clumsy manner of setting forth the Section 342 offense. Under that section the maximum penalty which can be imposed is eighteen months' imprisonment and thus, the appellant argues, the sentence imposed upon him exceeded the statutory maximum by three and one-half years.

It is the State's contention that the defendant was indicted under, and convicted of, the offense set forth in Section 33, *supra*, which allows a maximum penalty of ten years' imprisonment. The difficulty with the State's contention is that Section 33 requires an allegation not only that the accused broke but that he *stole* "upwards of five dollars," and count one of the indictment on which the appellant was found guilty charges only a breaking with intent to take that amount. See *Wilson v. State*, 227 Md. 99, 102, 175 A. 2d 775. The appellee attempts to overcome this difficulty by setting forth the somewhat startling proposition that the allegation of larceny set forth in the second count of this indictment can be read together with matters set forth in the indictment's first count so as to charge the more serious crime. The State cites no case, nor do we think it is a correct proposition of law, to support the contention that an earlier count may now be said to incorporate a portion of the facts alleged in a later count without any specific reference thereto.[2] The appellant was found not guilty of the larceny charged in count two and since the taking was not otherwise charged, he could not have been convicted under Section 33. Moreover, the fact that the trial judge was under the erroneous impression that a taking was charged in the first count will not justify a conviction, because it is elementary that a defendant may not be found guilty of a crime of which he was not charged in the indictment.

Article 27, Sections 32, 342, and 33 set forth three separate statutory crimes of breaking. The essential distinction between them being that the first two punish a breaking with intent as a crime apart from any larceny pursuant to such intent, while

---

2. See Md. Rule 712 a which in part provides: "An allegation made in one count may be incorporated by reference in another count."

the third combines the breaking and the larceny committed subsequent to the breaking. *Graczyk v. State,* 233 Md. 245, 196 A. 2d 469; *Wilson v. State, supra; Johnson v. State,* 223 Md. 479, 164 A. 2d 917. As stated in *Wersten v. State,* 232 Md. 164, 165, 192 A. 2d 286, "§§ 32 and 342 of Art. 27 are complementary and mutually exclusive, as they were prior to 1952 and as they have been since the amendment of 1960 of § 32 brought the $100.00 line of demarcation under that section into accord with the $100.00 limit of § 342, which had been established in 1952. *Johnson v. State,* 223 Md. 479, 481, 164 A. 2d 917." The State does not contend that Section 32 (which permits up to ten years' imprisonment) was sufficiently charged in count one, presumably because the language "intent to steal five dollars or upwards" would not put the person indicted on notice that an intent to steal over one hundred dollars would be shown.

The defendant-appellant does not argue that the indictment was defective, as the State's brief seems to assume. It is the appellant's position, in short, that the language used in the indictment "break with intent * * * five dollars or upwards * * * to steal" put him on notice that if this allegation were proven he would of necessity be guilty of at least the Section 342 crime of breaking with intent to steal less than $100. While such language is by no means recommended in future indictments charging a Section 342 offense, we agree that this was the crime charged in count one of the indictment.

We find no merit in the appellant's second contention, that there was insufficient evidence to convict him under Section 342 of Article 27. This Section provided: "If any person shall break into any * * * storehouse * * * with intent to steal any money, goods, or chattels under the value of one hundred dollars * * * he, his aiders, abettors and counsellors shall be deemed guilty of a misdemeanor * * *." In the first place, from the testimony adduced below there can be no reasonable doubt that the appellant's two companions broke into the tavern with the requisite statutory intent to steal. Secondly, under these circumstances a person who was present while a misdemeanor was being committed and who knowingly drove the getaway vehicle would be guilty as an "aider" within the meaning of Section 342. In the instant case the witness Hamrick positively placed

the defendant at the scene of the crime and unequivocally identified him as the driver of the getaway truck, the trial judge believed this testimony, and it is well settled that the identification of the accused, as the perpetrator of a crime, by a single eyewitness, if believed by the trier of the facts, is sufficient to support a conviction. *Hammond v. State,* 241 Md. 733, 217 A. 2d 569; *Wesbecker v. State,* 240 Md. 41, 212 A. 2d 737; *Barbee v. State,* 239 Md. 329, 211 A. 2d 343; *Huelin v. State,* 234 Md. 213, 198 A. 2d 302; *Booker v. State,* 225 Md. 183, 170 A. 2d 203. The trial judge was not compelled to believe defendant's testimony that he did not know that his friends planned to break and enter the tavern, or the testimony that he did not drive the getaway vehicle. Thus there was sufficient evidence to convict the appellant under Section 342 of Article 27.

The sentence imposed, however, exceeded the statutory limit of eighteen months' confinement and the judgment must therefore be reversed and the case remanded, pursuant to Maryland Rule 871 b, for the imposition of a proper sentence.

> *Judgment reversed and case remanded for the imposition of a lawful sentence. Costs on this appeal to be paid by Prince George's County.*