## CAVINESS *v.* STATE

[No. 514, September Term, 1965.]

*Decided December 7, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*William H. Kable* for appellant.

Submitted on the brief by *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr.* and *Frank A. DeCosta, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

MARBURY, J., delivered the opinion of the Court.

Daniel Garland Caviness, appellant, was tried in the Criminal Court of Baltimore before Judge Shirley B. Jones, sitting without a jury, and was convicted on the first count of indictment 4508 charging him with breaking and entering a warehouse with intent to steal goods of the value of $100 or more therefrom and also on indictment 4507 charging him with resisting arrest. He was sentenced to the Maryland Correctional Institution for four years for breaking and entering and one year for resisting arrest, the sentences to run concurrently, and has appealed from those judgments and sentences.

On Saturday, July 24, 1965, at about 8:00 a.m., a Baltimore policeman, while patrolling in a police car, noticed that the hasp of a lock on the door of a shed, which was maintained as a hobby workshop, was removed and that the door was partially open. When the policeman went into the shed he observed some items scattered around and noticed a few tools on some boards of lumber. As he was making a further investigation, two males ran out behind him. He saw them, but because the shed was dimly lighted he did not immediately recognize them. However, he never lost sight of them, and when they got out into the daylight, he recognized the appellant, who was only a short distance away, as one of the two fugitives. After giving chase, he apprehended only one of the two, as appellant outran him. The policeman testified that he knew appellant by sight and knew members of his family. Appellant produced three witnesses who testified, not without serious discrepancies, that appellant had been with them at the time he was said to have been seen running from the shed.

Appellant first makes the contention that his representation by his court appointed attorney in the court below was so in-

adequate as to amount to incompetency of counsel. He based this contention on the claims that his attorney visited him once before the trial while he was in jail awaiting trial; that he was not adequately advised of his rights to have his indictment quashed; that his attorney told him it would be best for his case if he took the stand; and that all witnesses necessary to his defense were not summoned.

A close scrutiny of the record indicates that appellant's contention is totally without merit. It indicates that appellant's attorney was very familiar with the happenings and defenses of this case and that the attorney made timely objections and adequately protected appellant's interest. At the trial, both the judge and the attorney made certain that appellant knew his right to have his indictment quashed under *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475, but he elected to waive this right. Also the record is clear that appellant was advised of his constitutional right not to testify. He elected by his own decision not to take the stand. However, when the trial was continued until the next day at appellant's request in order to summon further witnesses, he was again affirmatively advised by his attorney and the court of his right not to take the witness stand on his own behalf. Appellant said: "I'll testify." Again, the record affirmatively shows that appellant was asked if there were any other witnesess he wanted summoned to testify. He mentioned only one witness, for whom the summons was returned *non est.* No proffer was made by appellant as to this witness' testimony.

The record is silent as to objections that appellant made to the trial court regarding the above matters. We have repeatedly held that unless a defendant makes timely objections in the lower court or makes his feelings known to that court, he will be considered to have waived them and he can not now raise such objections on appeal. *Howard v. State,* 240 Md. 699, 213 A. 2d 288; *Ramsey v. State,* 239 Md. 561, 212 A. 2d 319; *Brown v. State,* 237 Md. 492, 207 A. 2d 103; *Stevens v. State,* 230 Md. 47, 185 A. 2d 194; cert. den. 373 U.S. 940, 10 L. Ed. 2d 695; Maryland Rules 772 and 885. As to the tactic of the appellant's taking the stand to testify, we have held that mere errors in trial tactics do not amount, *per se,* to inadequate representation. *Howard v. State, Stevens v. State,* both *supra.*

Finally, appellant contends that the evidence was insufficient to sustain the conviction of breaking and entering the warehouse. The policeman's testimony was the sole evidence presented to connect the appellant with the crime. Three witnesses and appellant testified that he had gone fishing and was sleeping at the time of this alleged offense, but there were serious discrepancies in the alibi testimony. One of the alibi witnesses testified that the fishing trip started at four or five o'clock Friday morning, July 23, when they left her house to go to Conowingo Dam. She said that the appellant and her sons returned from the fishing trip at one o'clock Saturday morning, or thereabouts. The next witness was not sure about anything, and the third witness, Boyd Gibson, said that they left Friday morning at ten o'clock to go fishing. Both the first witness and Boyd Gibson said that it was dark when they returned from the fishing trip. On the other hand, the second witness said it was daylight when they returned. One item that the first witness used to refresh her recollection was that her daughter had come home from Mass, which was Sunday morning and way beyond the time of this offense. We have held that the testimony of one eye witness, if believed, is sufficient to convict, *Turner v. State,* 242 Md. 408, 219 A. 2d 39; *Hammond v. State,* 241 Md. 733, 217 A. 2d 569; and *Wesbecker v. State,* 240 Md. 41, 212 A. 2d 737. The trial court in a non-jury case is entitled to believe the identifying witness rather than alibi witnesses who place appellant elsewhere. *Campbell v. State,* 231 Md. 21, 188 A. 2d 282; Rule 886 a.

*Judgments affirmed.*