## LARNELL CRUM AND LONNIE B. DUNBAR *v.* STATE OF MARYLAND

[No. 111, Initial Term, 1967.]

*Decided March 31, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Louis Peregoff* for appellant Dunbar and *Stanley J. Schapiro,* on the brief, for appellant Crum.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Theodore R. Mc-Keldin, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellants were convicted on March 9, 1966, of the offense of robbery with a deadly weapon in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding, without a jury. Each was sentenced to imprisonment for a term of twenty years and from the convictions and sentences each appealed.

The appellant, Dunbar, raised only one contention on appeal, that the evidence was not legally sufficient to establish that the robbery was with a dangerous and deadly weapon. The appellant, Crum, contended that the evidence was not legally sufficient to sustain the verdict of guilty and that he was denied his constitutional rights. This last contention of Crum alleged various and sundry violations of unspecified constitutional rights unsupported by the record on this appeal. These allegations.

were not raised below, and, therefore, need not be considered by us on appeal. See Maryland Rule 1085; *Vanfield v. Warden,* 243 Md. 685 (1966); *Hammond v. State,* 241 Md. 733 (1966). Even assuming that the questions raised by the allegations were properly before us, we find them to be totally without merit.

We shall consider the contention of Dunbar and the first contention of Crum together. The testimony discloses that at 9:00 p.m., on January 4, 1966, Crum, wearing a mask and carrying a gun in one hand and a shopping bag in the other, followed an employee of Sears, Roebuck and Company into the cashier's office located on the third floor of the store. Crum said to the cashier, "Out of my way," walked to the safe and started putting money in the shopping bag. Dunbar, also wearing a mask, came into the room and grabbed the cashier around the knees. She screamed. A deputy United States Marshal was on the third floor of the store, heard the scream and went to the cashier's office. He saw Crum rushing out the door, still carrying the gun and shopping bag, and shot him. Dunbar came out the door and was apprehended by the Marshal. Fifteen thousand dollars had been taken from the safe and four thousand one hundred and seventy-nine dollars from outside the safe. In addition to the cashier and the Marshal, both of whom described the gun, four witnesses saw the robbery and three of them saw the gun in the hand of Crum. The gun, duly admitted in evidence, was a .22 caliber gas pistol, model 1965, made in Italy, incapable of firing a bullet. It was uniformly described by the witnesses as a "gun" or a "pistol." Some described it with more particularity as having a "light handle" or a "white handle." The Marshal described it as a ".22 caliber starter's pistol." It is not necessary that a gun be capable of discharging a lethal bullet to be a deadly weapon. Intimidation produced by the use of a weapon, coupled with the apparent ability to execute the implied threat to use the weapon if resistance is offered, are sufficient. *Jackson v. State,* 231 Md. 591 (1963). Cf. *Hayes v. State,* 211 Md. 111 (1956); *Vincent v. State,* 220 Md. 232 (1959); *Miller v. State,* 231 Md. 158 (1963); *Myers v. State,* 237 Md. 632 (1965).

The Court of Appeals said in *Tucker v. State,* 244 Md. 488 (1966) at page 501:

"That the findings of fact of the trial judge will not be disturbed unless clearly erroneous is a rule which has long been firmly established. Maryland Rules 886 a and 772. As Judge Horney said in *McCray v. State*, 236 Md. 9, 15, 202 A. 2d 320 (1964) :

'For this Court to reverse a judgment entered in a case tried by the lower court without a jury, it must be shown that there was no legally sufficient evidence, or proper inferences therefrom, from which the court could find the accused guilty beyond a reasonable doubt.' "

We think there was enough legally sufficient evidence to support Judge Cardin's finding. Maryland Rule 1086.

*Judgments affirmed.*