## CARROLL HUGH BELL *v.* STATE OF MARYLAND

[No. 18, September Term, 1968.]

*Decided October 10, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Tucker R. Dearing* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, fifteen years of age at the time of the alleged offenses, was tried by the court in the Criminal Court of Baltimore, found guilty of the following crimes and sentenced to imprisonment as indicated:

Indictment No. 1046—robbery of (1st count) and assault upon (3rd count) Nova Ellis on 24 February 1966; 3 years as to the 1st count, 1 year on the 3rd count concurrent with 1st count.

Indictment No. 1047—robbery of (1st count) and assault upon (3rd count) Louise Curtin on 16 February 1966; 3 years as to 1st count, consecutive with indictment 1046, 3 years as to 3rd count consecutive with 1st count.

Indictment No. 2818—assault (2nd count) upon Bonnie Neuwiller on 10 June 1966; 2 years consecutive with 3rd count of indictment No. 1047.

Indictment No. 2819 — robbery with a deadly weapon (1st count) of Muriel Kopacki on 10 June 1966; 15 years consecutive with indictment No. 2818.[1]

On appeal he argues only that the lower court erred in denying a motion for judgment of acquittal as to the first count in

---

1. As to indictments Nos. 1046 and 1047 the appellant was presented on 1 March 1966 and indicted on 10 March, the Circuit Court of Baltimore City, Division for Juvenile Causes, having waived jurisdiction on 25 February. On 29 April recognizance was taken and he was on bail at the time of the offenses charged in indictments Nos. 2818 and 2819, filed 21 June 1966, jurisdiction of the juvenile court as to those offenses having been waived on 13 June.

indictment No. 2819 for the reason that the evidence was not sufficient to show that the robbery of Muriel Kopacki was with a dangerous or deadly weapon. He does not claim that the evidence was not sufficient to prove beyond a reasonable doubt the *corpus delicti* of that robbery and that he was the criminal agent, but he urges that the more severe penalty, authorized by Md. Code, (1967 Repl. Vol.), Art. 27, § 488 and imposed by the court, was improper because the robbery was not with a dangerous or deadly weapon.

Muriel Kopacki, an employee of the Maryland State Employment Service, testified that on 10 June 1966 about 8:00 A. M. she was walking up Chase Street across the grass plot by the Baltimore Life Building on her way to work. "I was approached by a young man behind me with a knife and he came up and he said for me to keep walking and don't scream or I'll cut your heart out. We walked over by the wall where the steps are at and he asked me to open my purse. I told him I didn't have any money except a dollar. When I pulled it out I had $10 and he looked through my purse and we started up the steps toward the Maryland Employment Service. I guess he was going to walk me back. He told me not to tell anything about it because he'd find out. I told him I wasn't worried about that. He said, real smart, 'You're not, are you.' He said 'I always wanted to stab a white woman.' He turned me around and he said we were going to walk down this alley toward Biddle Street. I told him I wasn't going to go because he would stab me there. He said no, he wouldn't stab me. So we walked down towards Biddle Street. We got down by the alley. He must have changed his mind. He kept walking me, and we got up by the B & O Building where there is a big hill and there's a park there and he told me he knew a short cut to get me back to work and walked down the hill. I was expecting at that time, I told him I couldn't get down the hill, it was too steep. He said O.K., he knew another way. He took me up, I don't recall the name of the street we were walking, all around through the housing development. We finally wind up on a side street going toward the Maryland Building. He said that he was going to leave me there." He took her watch and $10.00 but he gave the watch back to her when she told him that her husband had given it

to her for a Christmas present and she wished he would give it back. She positively identified the appellant as the robber. She more specifically described the knife: "It was about the size of a butcher knife and it wasn't new, it was more or less old, old looking. It wasn't shiny or anything."

The appellant claims that this evidence was insufficient to show that a dangerous or deadly weapon was used because the exact size of the blade was not given "and under the statute the blade to the weapon would have to be 6 inches or more" (Code, *supra,* Art. 27, § 488 does not so provide and the appellant cites no case, nor do we know of any, so holding) and because the knife was not produced at the trial (the testimony of the victim, if believed by the court, was sufficient to establish the existence of the knife). It is sufficient under the statute to show that the weapon is either dangerous or deadly, *Hayes v. State,* 211 Md. 111, and a knife may be either a deadly weapon or only a dangerous one, depending on the size of the blade and the manner of its use, *Hobbs v. Pepersack,* 301 F. 2d 875 (4th Cir. 1962).[2] In the circumstances here the exact size of the blade was not material although on cross-examination of the witness at the trial defense counsel brought out that the witness described the knife in her complaint to the police as "a large dirty knife." Intimidation produced by the use of a weapon, coupled with the apparent ability to execute the implied threat to use it if resistance is offered, are sufficient to establish that a robbery committed was with a dangerous or deadly weapon. *Crum and Dunbar v. State,* 1 Md. App. 132, 134. We have no difficulty in determining that, on the evidence before the lower court, its finding that the appellant robbed Muriel Kopacki with a dangerous and deadly weapon was not clearly erroneous and therefore we may not set aside the judgment. Md. Rules, 1086. We find no error in the denial of the motion for judgment of acquittal.

Although the point above disposed of was the only point argued on appeal, both in the brief and orally, the brief presents

---

**2.** So, within the meaning of the statute, an unloaded pistol is a dangerous weapon, *Jackson v. State,* 231 Md. 591, and a loaded pistol is a deadly weapon, even if not fireable, *Myers v. State,* 237 Md. 632.

the question, "Was there legally sufficient evidence in this case with which the Court could find the defendant guilty on each count in the indictments." We have carefully reviewed the record and find that as to each offense of which the appellant was convicted the evidence was legally sufficient to prove beyond a reasonable doubt both the *corpus delicti* and the criminal agency of the appellant.

*Judgments affirmed.*