## YOUNG *v.* STATE

[No. 230, September Term, 1958.]

96

*Decided May 12, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *James T. Clark* for appellant.

*John Martin Jones, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *T. Hunt Mayfield, State's Attorney for Howard County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

Thomas Wardell Young (the defendant) has appealed from the judgments entered against him in the Circuit Court for Howard County after his conviction on two of the three counts in an indictment involving a breaking into a filling station and stealing simoniz therefrom.

The record shows that at 10 o'clock in the evening on June 20, 1958, the owner of Sauter's Service Station on Route 40 in Howard County padlocked the doors of his filling station and left for the night. When he returned the next morning he found that the padlock on the front door had been forced and that one of the windows in the door had been broken. In the meantime, at approximately 5:15 a.m. on the morning of June 21, two alert county police officers on routine patrol observed an automobile parked on an unpaved road near the station. When they drove into the station to investigate, they noticed the broken window in the door and that the padlock was missing. Investigating further, the officers discovered the defendant crouching under a desk and a co-defendant (who did not appeal) standing behind the door with a flashlight. Upon demand, the defendants came out of the station and were arrested without a warrant. When they were searched, two cans of simoniz were found in the pockets of the co-defendant. He admitted that he had gotten it from inside the station. Nothing was found on the defendant. After they had been placed in the police car, the defendant told the officers that another person, who had absented himself from the automobile to answer a call of nature, had returned with the simoniz. According to the defendant, he and his co-defendant, after upbraiding the alleged thief for what he had done, were in the act of returning the simoniz to the station when they were apprehended. They insisted that they had just entered the station through an open door. Although a search of the area by the county officers, together with two state troopers, was made, the person the defendants had described to the police could not be found.

The defendant was taken to jail and held for nine days. When he was given a preliminary hearing before the trial magistrate on June 30, he was recommitted to jail, in default of bail, for the action of the grand jury.

The state warrant under which the defendant had been held charged the defendant with *breaking and entering with intent to steal property over the value of $1* [apparently under Code (1957), Art. 27, § 33], but the grand jury indicted him, not for that offense or for *breaking with intent to steal property*

*under the value of $100* [the first offense described in Code (1957), Art. 27, § 342], but with *breaking and stealing property under the value of $5* [the second offense described in § 342, *supra*] and with the larceny and receiving of the same property.

When arraigned, the defendant pleaded not guilty and elected a court trial. During the course of the trial, when it became evident that there had been a misnomer in the given names of the owner of the filling station and the simoniz, the court, without objection—and indeed with the defendant's consent—granted the motion of the State to amend the indictment by interlineation pursuant to the provisions of Code (1957), Art. 27, § 604.

At the close of the evidence, after noting that he could not give any credence to the story about the third person who had absconded nor accept the innocent purpose advanced by the defendants to account for their presence in the filling station, the court entered a verdict of guilty of breaking and stealing and of larceny, and not guilty of receiving. The defendant was sentenced to the House of Correction for eighteen months on the first count and the same on the second, but the court provided that the sentence for larceny should be served concurrently with the sentence for breaking and stealing.

In this Court, other than several procedural questions raised for the first time on this appeal, the defendant's only contention is that the evidence was insufficient in law to sustain his conviction on either of the counts.

(i)

The defendant, frankly stating that the procedural questions were not raised below, inquires whether his claims—that his arrest was illegal—that he had been held *incommunicado* for nine days and not allowed to see his family or an attorney—that he had been denied a speedy preliminary hearing—that he had been denied bail—that he had not been rearraigned after the amendment of the indictment—and that his court-appointed counsel in the trial court was incompetent—are reviewable in this Court. The short answer is that

review in this Court is ordinarily limited to questions raised and decided by the lower court. Rule 885. See also *Hall v. State*, 213 Md. 369, 131 A. 2d 710 (1957) ; *Davis v. State*, 189 Md. 269, 55 A. 2d 702 (1947). But we may add that there is nothing in the record to show merit in any of the contentions. See *Griffin v. State*, 200 Md. 569, 92 A. 2d 743 (1952), *cert. den.* 345 U. S. 907 (1953), [legality of arrest] ; *Grear v. State*, 194 Md. 335, 71 A. 2d 24 (1950), [delay in preliminary hearing] ; and *Basta v. State*, 133 Md. 568, 105 A. 773 (1919), [necessity for arraignment]. The record shows commitment in *default* of bail, not a *denial* of bail. Finally, the record does not disclose a complaint either as to a holding *incommunicado* or the incompetence of counsel.

(ii)

The defendant was charged with breaking into the filling station and "from thence [*that place*]" stealing two cans of simoniz. The evidence shows that the filling station which had been left padlocked on the night before had been broken into sometime prior to 5:15 a.m. The defendant and his co-defendant were caught "red-handed" on the premises in the possession of the simoniz which the co-defendant admitted that he had gotten from inside the station. This direct evidence of possession, was, without more, sufficient proof of the stealing. Cf. *Debinski v. State*, 194 Md. 355, 71 A. 2d 460 (1950). The trial court, which had an opportunity to judge the credibility of the witnesses [*Glickfield v. State*, 203 Md. 400, 101 A. 2d 229 (1953)] was not obliged to accept the unlikely explanation of the defendant that the person—assuming there was one—who had absconded was in fact the only person who had broken into the filling station and stolen the simoniz. See *Bell v. State*, 220 Md. 75, 150 A. 2d 908 (1959) ; *Jordan v. State*, 219 Md. 36, 148 A. 2d 292 (1959) ; *Berry v. State*, 202 Md. 62, 95 A. 2d 319 (1953). Moreover, the compromising presence of the defendant on the premises when he was apprehended coupled with the disbelief of the defendant's explanation was enough in and of itself to justify a rational inference by the trial judge that the defendant had also participated in the breaking of the filling

station. *Hayette v. State,* 199 Md. 140, 85 A. 2d 790 (1952). We think the evidence in this case was amply sufficient in law to sustain both convictions. See Rule 741 c.

(iii)

Because the defendant was charged with breaking and stealing certain property *and* with the larceny of the same property in separate counts instead of with breaking with intent to steal and with larceny—as his counsel on this appeal obviously assumed—the Attorney General quite properly suggested at the argument that the defendant, having been convicted on the first count [breaking and stealing] should not also have been convicted on the second count [larceny]. While it is settled in this State that a defendant charged with both offenses may be convicted of a larceny as well as a breaking with *intent to steal* arising out of the same transaction, and may be sentenced separately on both convictions [*Williams v. State,* 205 Md. 470, 109 A. 2d 89 (1954)], we agree that a defendant should not be convicted and given separate sentences for *breaking and stealing* under one count as well as for *larceny* under another count in a case such as this where the *larceny* consists of the same act as the *stealing* charged in the other count.[1] The reason the two offenses are distinguishable is obvious. A breaking with *intent to steal* has separate elements and is a complete offense without regard to a larceny. On the other hand, besides the breaking, the State must also prove the added ingredient of stealing in order to convict for breaking *and* stealing. Quoting 1 Bishop *Criminal Law* § 1062 (9th ed., 1923), it was said in *Williams v. State, supra,* at p. 476:

> " 'An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will bar an indictment for the larceny or the burglary alone. But equally well a first count may set out a breaking and entering with intent to steal, and a second may

---

1. See, however, Debinski v. State, *supra,* where a similar conviction was affirmed when the point was not raised.

allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both.' "

See also *Commonwealth v. Hope,* 22 Pick. 1 (Mass. 1839); *Kite v. Commonwealth,* 11 Metc. 581 (Mass. 1846); *Breese v. State,* 12 Ohio St. 146 (1861); *State v. McClung,* 35 W. Va. 280, 13 S. E. 654 (1891); *Benton v. Commonwealth,* 91 Va. 782, 21 S. E. 495 (1895).

We think that the imposition of sentence for breaking and stealing made the sentence imposed for larceny improper. Cf. *Bell v. State, supra,* where only one sentence was imposed. For that reason we will remand the case for the entry of an order striking out the judgment and sentence on the second count in the indictment. Rule 871 b. The judgment on the first count will be affirmed.

> *Judgment as to first count affirmed; judgment as to second count reversed and case remanded for entry of an order striking out judgment and sentence.*