## JOHNSON *v.* STATE

[No. 67, September Term, 1960.]

*Decided November 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John P. Mudd* for the appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, William L. Kahler, State's Attorney for Prince George's County,* and *Frank P. Flury, Deputy State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Johnson, the appellant, sentenced to five years imprisonment on his plea of guilty to the first count of an information which charged him with unlawfully breaking into a storehouse with intent to steal goods of the value of $25.00 or more (the language of Code (1957), Art. 27, Sec. 32), contends that he did not understand the nature and effect of his plea. In essence, his claim is that the count also charged an offense under Code (1957), Art. 27, Sec. 342, which makes it a crime subject to the maximum penalty of eighteen months imprisonment to unlawfully break into a storehouse with intent to steal goods under the value of $100.00, and that he intended to plead guilty to the latter crime.

Formerly, sections 32 and 342 were complementary and mutually exclusive. Chapter 18 of the Laws of 1952 amended Sec. 342 by increasing the value of the goods intended to be stolen from $25.00 to $100.00. Section 32, however, remained unchanged until it too was amended by Chapter 40 of the Laws of 1960, by the changing of $25.00 or more to $100.00 or more. Thus, between 1952 and June 1, 1960, there existed an overlap in that the terms of both statutes would seem to apply if the intent was to steal more than $25.00 and less than $100.00, as was noticed by the Court of Appeals for the Fourth Circuit in *Davis v. Pepersack,* 255 F. 2d 29, 30.

The crime with which appellant was charged was committed February 2, 1960.

We think it is plain that Johnson was charged with violation of Sec. 32 and pleaded guilty to the crime specified by that section. Johnson waived indictment, and elected to be tried on information. The first count of the information charged a violation of Sec. 32 in the words of the statute. The second count charged larceny of $142.00. The third count charged the receiving of stolen goods of the value of $142.00. Johnson did not move to dismiss the indictment or otherwise to challenge its sufficiency and, if he understood the nature and effect of his plea of guilty, cannot do so in this Court. Code (1957), Art. 27, Sec. 606; *Schanker v. State,* 208 Md. 15.

An information in the words of the statute is sufficient notice to the defendant of the charge of which he is accused, *Hickman v. Brady,* 188 Md. 103; *Schanker v. State, supra; Hanson v. Warden,* 198 Md. 681, in the absence of contravening circumstances and no such circumstances appear in the case before us.

That appellant was fully aware of the crime to which he pleaded guilty is made plain by four parts of the record. First, breaking and entering with intent to steal and larceny, even though part of the same occurrence, are separate crimes which may be charged in separate counts of the same indictment or information, and for which there may be separate sentences. *Williams v. State,* 205 Md. 470. Despite the separateness of the crimes charged in the first and second counts of the information, appellant (who, of course, was fully aware that $142.00 had been taken in the burglary) cannot fail to have had his recollection of what had occurred refreshed by the second count, which charged larceny of $142.00. The most conclusive evidence of the intent of the taker of goods is the value of those actually stolen. *Felkner v. State,* 218 Md. 300.

Second, the clerk advised the court at the trial that the charge was storehouse breaking and the taking of $142.00, after which the court asked Johnson whether by pleading guilty he meant that he "did break in the store and * * * steal from it?" to which Johnson replied "Yes sir." Third,

a detective testified that Johnson had admitted unlawfully entering the filling station and stealing $142.00 which had been taken from him and returned to the owner. When asked whether he wished to ask any questions of the detective, Johnson replied "no." Johnson's long criminal record, to which he admitted, was read to the court, who, noting that his last sentence had been twenty years, and that this had not deterred him from further crime, asked Johnson if he thought he should be sentenced to forty years this time, to which the reply was "That's a little too much" and that he should get but ten years. Johnson can scarcely have thought he was pleading guilty to a crime for which the maximum penalty was eighteen months when he himself suggested a ten-year sentence.

The record shows that appellant voluntarily and intelligently plead guilty to a count which stated an offense, knowing the offense charged, and intending to plead to that offense.

*Judgment affirmed.*