VANDEGRIFT *v.* STATE

[No. 323, September Term, 1960.]

*Decided June 23, 1961.*

Submitted on brief to BRUNE, C. J., and HAMMOND, PRES-COTT, HORNEY and SYBERT, JJ.

Submitted on brief by *Harry J. Goodrick,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, William J. McCarthy, Assistant Attorney General* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* for appellee.

HORNEY, J., delivered the opinion of the Court.

The primary question on this appeal is whether the general sentence imposed by the trial court (in lieu of separate sentences on the several counts of an information) was proper.

On July 9, 1959, Richard Allen Vandegrift (the defendant) was charged with a series of breakings and larcenies in a ten-count information, the first of which—charging the defendant with larceny to the value of $100 or more — was stricken on the motion of the State's Attorney. The second count charged the defendant with stealing the goods of John E. Slouick, Jr., of a value of less than $100; the third count charged a breaking and entering of the Slouick filling station with intent to steal the personal goods of another of a value in excess of $25 (but less than $100) ; and the fourth count charged a breaking and entering of the same premises *and* stealing goods and chattels of a value in excess of $1.

The fifth, sixth and seventh counts charged the same three offenses with regards to the goods and filling station of Donald West. And the eighth, ninth and tenth counts charged the same offenses with regards to the goods and tavern of Reginald Thompson.

The defendant plead guilty to the remaining nine counts, and, after a hearing on July 17, 1959, the trial court entered a general verdict of guilty and sentenced the defendant to the Maryland State Reformatory for Males for an indeterminate period of time not to exceed five years. On the motion of the defendant for a correction of his sentence pursuant to Maryland Rule 744 a, the court, on December 14, 1960, reduced the indeterminate sentence to four and one-half years. The defendant appealed claiming that the original and corrected sentences were both in excess of the limits prescribed by law.

The defendant, though conceding that the court had authority under Code (1957), Art. 27, §§ 341 and 342, to impose a sentence of eighteen months, apparently contends that the court was without authority to impose sentences of eighteen months for a violation of both sections, but his primary claim seems to be—since he insists that he was properly convicted on only three counts and was in effect given the maximum of eighteen months under each count without a direction that the sentences should run consecutively—that the imposition of a general sentence of more than eighteen months was a violation of the statutory limitation imposed on the sentencing power of the court.

On the other hand, the State, though conceding that a defendant—under the rule laid down in *Young v. State,* 220 Md. 95, 151 A. 2d 140 (1959), *cert. den.* 363 U. S. 853 (1959)—may not be convicted and sentenced for breaking and stealing under one count as well as for larceny under another count in a case where the larceny consists of the same act as the stealing charged in the other count, contends that since the defendant was properly convicted of larceny and of breaking with intent to steal, he could have been sentenced thrice for each of these crimes since each was committed on three

separate premises, and further claims that if there was any error in the resentencing the error lay in the fact that the court lacked authority to reduce the legal sentence originally imposed.

The sentencing of the defendant under § 341 for stealing goods worth less than $100 was, of course, proper. Moreover, although the information indicates that the defendant was charged in three counts (3rd, 6th and 9th) with breaking with intent to steal goods of the value of $25 or more under Code (1957), Art. 27, § 32, (for which a penalty of not more than ten years is prescribed), and further indicates that the defendant was charged in three counts (4th, 7th and 10th) with breaking and stealing goods of the value of $1 or upwards under § 33 (of Art. 27), (for which a penalty of not less than two nor more than ten years is prescribed), it is apparent that the sentencing of the defendant under § 342 for breaking with intent to steal (but not for breaking *and* stealing) was also proper.[1] Therefore, since the State concedes that it would have been improper under the facts in this case to impose a sentence for larceny and also a sentence for breaking and stealing, it appears that the defendant could have been sentenced to a maximum of nine years under the three valid counts for larceny and the three valid counts for breaking with intent to steal. The three counts charging a violation of § 341 and the three counts charging in effect a violation of § 342 (for breaking with intent to steal) were not inconsistent, and since they were not, it is settled that the defendant was properly convicted of a total of six counts. This is so because the larcenies and the breakings with intent to steal in each of the three instances were separate and distinct offenses. *Young v. State, supra.* This brings us to a consideration of the primary question of whether

---

1. Since the intent was to steal goods valued at more than $25 and less than $100, it is apparent that the terms of both § 32 and § 342 apply in this case, and in such circumstances, as was pointed out in *Johnson v. State,* 223 Md. 479, 164 A. 2d 917 (1960), the terms of § 342 limit the maximum sentence to eighteen months. We note, however, that § 32 has been amended by Ch. 40 of the Acts of 1960.

the imposition of the general sentence or resentence was proper.

Apparently the question as posed is one of first impression in this Court, but see *Simmons v. State,* 165 Md. 155, 167 Atl. 60 (1933). While the authorities are not entirely in accord (see *e. g.,* 24 C.J.S., *Criminal Law,* § 1567, and 15 Am. Jur., *Criminal Law,* § 451), we think a general sentence covering all counts in an information or indictment is not improper so long as the sentence imposed does not exceed in the aggregate the sentences which might have been imposed cumulatively under the several counts. In *United States v. Bernett,* 123 F. Supp. 841 (D.C. Md. 1954), in a situation similar to that in the instant case it was said (at p. 844) that "it is optional whether the sentence be one general sentence to cover all the counts of the indictment or the total sentence is apportioned to the several counts of the indictment." See also *Hamilton v. United States,* 204 F. 2d 927 (4th Cir. 1953), *cert. den.* 346 U. S. 858 (1953); *Neely v. United States,* 2 F. 2d 849 (4th Cir. 1924); *Copeland v. Manning,* 109 S. E. 2d 361 (S. C. 1959); *Scott v. District of Columbia,* 122 A. 2d 579 (D. C. Mun. App. 1956); *State v. Quatro,* 122 A. 2d 245 (N. J. Essex County L. Ct. 1956); *Commonwealth v. Hull,* 5 N. E. 2d 565 (Mass. 1937). In *Ex Parte Klugh,* 128 S. E. 882, 886 (S. C. 1925), where the defendant was given a general sentence of three years under a three-count indictment, each of which carried a maximum penalty of one year, it was held that a single sentence for the total penalty which could have been imposed for each offense separately "is a very clear expression of the court's intention that the separate terms presumptively embraced in the sentence should be served consecutively and not concurrently." We hold that the general resentencing was not improper. Ordinarily, however, the better practice is to sentence a defendant separately on each count of an information or indictment. This is so because if any part of a conviction is reversed on appeal, the sentences imposed under the valid counts would not have to be disturbed.

Even if the lower court was without authority to reduce

the sentence under Rule 744 a, c, because it was not illegal and the ninety-day period had expired, the State did not appeal and the defendant was not prejudiced. We will therefore affirm the order resentencing the defendant.

*Order affirmed.*