## WERSTEN *v.* STATE

[No. 317, September Term, 1962.]

*Decided June 28, 1963.*

The cause was submitted to BRUNE, C. J., HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*J. William Schneider, Jr.* on the brief for appellant.

*Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, William J. O'Donnell* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney* for Baltimore City on the brief for appellee.

PER CURIAM.

The appellant was tried in the Criminal Court of Baltimore before the court, sitting without a jury, on an indictment containing six counts, and was found guilty under the first, second and sixth counts thereof. These three counts were based, respectively, upon the following sections of Article 27 of the Code: the first upon § 32, breaking and entering a storehouse with intent to steal property worth $100.00 or more; the second upon § 342, breaking and entering a storehouse with intent to steal property worth less than $100.00; and the sixth upon § 33, breaking and entering a storeroom and stealing property worth $5.00 or more. (§ 342 has not been amended since the publication of the 1957 Code; §§ 32 and 33 are as amended by Chs. 40 and 68, respectively, of the Acts of 1960. See the 1962 Cum. Supp.) The appellant was sentenced to eight years' imprisonment and appeals from the judgment.

On this appeal the appellant makes two contentions: first, that the verdicts on the first and second counts are inconsistent and therefore cannot stand; second, that the evidence as to the value of the property stolen was insufficient to support the finding of guilt under the sixth count.

The appellant's first contention is sound. §§ 32 and 342 of Art. 27 are complementary and mutually exclusive, as they were prior to 1952 and as they have been since the amendment of 1960 of § 32 brought the $100.00 line of demarcation under

that section into accord with the $100.00 limit of § 342, which had been established in 1952. *Johnson v. State,* 223 Md. 479, 481, 164 A. 2d 917. A breaking and entering may be with intent to steal property worth $100 or more or with intent to steal property worth less than $100.00, but not with both of these intents. Since these findings were made by the judge and not by a jury it is practicable to remand the case without affirmance or reversal as to these counts and with instructions to the court to reconsider these findings and to enter findings as to these two counts which shall be consistent with each other. See *Fletcher v. State,* 231 Md. 190, 189 A. 2d 641.

With regard to the sixth count we find the appellant's contention without any substance. There was testimony by the manager of the club which was broken into and from which a safe and its contents were stolen, that the safe contained $600.00 or more in cash shortly before the burglary occurred. The fact that the witness could not place a value on the safe itself is not material in view of the amount of money stolen. That he would only approximate that amount at $600.00 or more does not render it insufficient. *Benton v. State,* 228 Md. 309, 311, 179 A. 2d 718. The trial court evidently believed the manager's testimony; and, if believed, it was obviously sufficient to sustain the finding that property worth $5.00 and upwards had been stolen. The sentence of eight years' imprisonment was imposed generally. It was within the limit prescribed by § 33 of Art. 27, upon which the sixth count was based. (It was also within the sentence authorized by § 32 of Art. 27, but in excess of that authorized by § 342.) The conviction and sentence under the sixth count both being proper, the judgment must be affirmed. *Nelson v. State,* 224 Md. 374, 167 A. 2d 871 ; *Meade v. State,* 198 Md. 489, 491, 84 A. 2d 892.

> *Judgment and sentence affirmed under the sixth count; case remanded without affirmance or reversal for the entry of proper and consistent findings under the first and second counts.*