BILLY RAY PREVATTE *v.* STATE OF MARYLAND

[No. 250, September Term, 1978.]

*Decided November 3, 1978.*

The cause was submitted on briefs to MOYLAN, DAVIDSON and WILNER, JJ.

Submitted by *Thomas D. Murphy, Assigned Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Paul T. Cuzmanes, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Judith R. Catterton, Assistant State's Attorney for Montgomery County,* for appellee.

WILNER, J., delivered the opinion of the Court.

Md. Annot. Code art. 27, § 32, provides:

> "Every person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a storehouse, filling station, garage, trailer, cabin, diner, warehouse or other outhouse or into a boat in the day or night *with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of one hundred dollars ($100.00) or more therefrom,* shall be guilty of a felony, and upon conviction sentenced to the penitentiary for not more than ten years." (Emphasis supplied.)

This is the statute under which appellant was convicted by a jury in the Circuit Court for Montgomery County and sentenced to prison for 10 years. Although appellant concedes nothing, the single issue presented by him in this appeal permits us to assume that the evidence presented at his trial was sufficient to establish that he was an "aider, abettor, or counsellor" to the breaking of a storehouse with intent to steal more than $100 of another's personalty. The problem, he says, is that the indictment against him charged him with breaking the storehouse with intent to commit a felony therein — not with an intent to steal $100 or more of personalty. He postulates from this that because the statute describes three types of requisite intents in the disjunctive, the three constitute quite different and mutually exclusive charges, no one being subsumed in the other; that, as used in the statute, therefore, the phrase "intent to commit ... felony therein" excludes the felony of stealing $100 or more, which is separately mentioned; and that, as the State failed to prove an intent on his part to commit any other felony,

there was a variance between the *allegata* and the *probata,* and thus insufficient evidence to sustain his conviction.

We do not agree.

The long and confusing legislative history of § 32, and its relationship and overlap with other sections of art. 27 dealing with burglary and larceny have been painstakingly set forth by Judge Moylan of this Court in an article entitled *Maryland's Burglary and Larceny Laws,* appearing in 4 Univ. of Balto. Law Rev. 28 (1974). It is not necessary to repeat all of that history here.

Suffice it to say that, in what, for purposes of this case, we may consider to be the beginning (Laws of Md., 1809, ch. 138), the General Assembly considered as a felon subject to imprisonment for up to 10 years every person (including aiders, abettors, and counsellors), who shall be convicted of "breaking a store-house, warehouse, or other out-house, in the day or night, with an intent to commit murder or felony therein." [1] At the time, and, indeed, by virtue in part of the same Act, larceny also was a felony, without regard to the amount taken; and thus, anyone who broke a storehouse with intent to commit larceny, irrespective of the value of the goods intended to be taken, would necessarily have been guilty of breaking with an intent to commit a felony.[2]

The law, thusly stated, remained in effect, without substantial change, for 124 years. In 1933, however, the General Assembly changed petty larceny, which it redefined as involving the theft of less than $25 (as opposed to less than $5) from a felony to a misdemeanor. *See* Laws of Md., 1933 (Spec. Sess.), ch. 78. This, of course, made necessary a modification in the storehouse breaking law, for all larceny was no longer a felony. Recognizing this, the General Assembly, in the same ch. 78, enacted a new section 319A to art. 27 providing, *inter alia,* that any person who broke into

[1]. As Judge Moylan points out in his article, the 1809 Act was not the original source of this law; but a proper resolution of the issue before us does not require a recitation of any earlier history.

[2]. Although, in time, petty larceny, then involving the theft of less than $5, became stated in the law as a separate crime (*see* 1924 Code, art. 27, § 319), it was still a felony. *See* Danner v. State, 89 Md. 220, 224 (1899); *also* 26 Op.Atty.Gen. 122 (1941).

any shop or storehouse with intent to steal any money, goods, or chattels *under the value of $25* was guilty of a misdemeanor. This new section complemented the original 1809 enactment, then codified (1924 Code) as § 36 of art. 27. If the breaking was with an intent to steal $25 or more, prosecution would lie under § 36, but not § 319A; and *vice versa* if the intent was to steal less than $25.[3]

For reasons which are no longer entirely clear, the General Assembly, four years later, enacted Laws of Md., 1937, ch. 141, which, without either repealing or amending § 319A, broadened § 36 to include an intent to steal goods of any value.[4] As so amended, that section proscribed breaking a storehouse "with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of any value therefrom."

The effect of this amendment, first and foremost, was to restore §· 36 to its pre-1933 ambit of proscription; *i.e.,* to bring within its purview a storehouse breaking with an intent to commit any larceny—"grand" or "petty". This had a secondary effect, however. With § 36 so broadened, it overlapped with the untouched § 319A. If the State alleged a breaking with an intent to steal less than $25, prosecution would lie under either section, or, subject to Constitutional limitations, under *both* sections. Thus, where the intent was petty larceny, the two sections were no longer mutually exclusive, but were instead cumulative.

It was in recognition of this overlap that the General Assembly, six years later, enacted Laws of Md., 1943, ch.

---

3. *See, however,* Judge Moylan's comment at 4 Univ. of Balto. Law Rev., p. 50, suggesting that the complement was not a complete one.

4. It has been suggested that this enactment reflected a legislative recognition of the case of *State v. Wiley,* 173 Md. 119 (1937), in which the Circuit Court for Montgomery County had sustained a demurrer to a count in common law burglary because the indictment failed to allege an intent to steal more than $25. This was not the case, however. The 1937 act was originally introduced in the 1935 session of the General Assembly and passed as Ch. 286. It was vetoed by Governor Nice as being inconsistent with the "O'Dunne Act", and was then re-enacted, and signed by the same Governor, two years later. The *Wiley* case did not arise until March, 1937—a month after the bill had been introduced into the 1937 session. *See* House of Delegates Journal, 1937, p. 150. Neither the Journals nor the title to the Act give any clue as to the purpose of the bill.

229.[5] This law amended former § 36, then recodified in the 1939 Code as § 34, by excluding from its proscription an intent to commit petty larceny. As so amended, § 34 prohibited breaking a storehouse "with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of twenty-five dollars ($25.00) or more therefrom."

This 1943 enactment is highly significant in terms of the issue raised in this appeal, for it was that Act that first made the law as it is today. The only relevant change made since 1943 has been to raise the $25 figure to $100 in recognition of the corresponding change made in the statutory demarkation between "grand" and petty larceny. *See* Laws of Md., 1960, ch. 40; 1952, ch. 18. It is clear from the history recited above that the specific inclusion of an intent to commit "grand" larceny in then § 34 (now § 32), notwithstanding the use of the disjunctive, was not intended to limit in any way the scope of the word "felony" as used in the statute, or to withdraw from the meaning of that word the felony of "grand" larceny. The problem arose only when petty larceny was made a misdemeanor. Although it would have been much more clear, much less confusing, if the General Assembly had simply consolidated then sections 34 and 389 (current sections 32 and 342) rather than leaving both sections in the law and attempting to make them complementary rather than cumulative, its election to reach essentially the same result in the manner it did cannot be construed as having the effect urged by appellant. That was most definitely not the legislative intent. In effect, as Judge Moylan observed in his article, *supra,* at page 32, "[t]his second intent provision [intent to commit 'grand' larceny] is completely redundant... being subsumed within the felonious intent of the first

5. The title to the bill states the purpose of the bill as "altering and harmonizing certain provisions of the Criminal Law dealing with the breaking into certain buildings with intent to steal." Moreover, the enacting clauses of the bill were further prefaced with the statements that "Section 389 of Article 27 [former § 319A] provides a penalty for breaking into certain buildings with intent to steal goods under the value of twenty-five dollars" and that "Section 34 [former § 36] of said Article overlaps to a certain extent said Section 389."

628

provision." *See Rahe, Jr. v. State,* 222 Md. 508 (1960); *Tyner v. Warden,* 232 Md. 666 (1963).

Accordingly, we conclude that there was no variance between the *allegata* and the *probata,* and that, if the evidence sufficed to establish that appellant aided or abetted a storehouse breaking with intent to commit "grand" larceny, it sufficed to support his conviction on the indictment.

*Judgment affirmed; appellant to pay the costs.*