GARETT NICHOLAS GRIMES a/k/a Steven Capilongo
*v.* STATE OF MARYLAND

[No. 10, September Term, 1980.]

*Decided May 4, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Thomas J. Saunders, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Martha Weisheit, Assistant Public Defender,* on the brief, for appellant.

*Stephen B. Caplis, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In May 1978, when the offense involved in this criminal case took place, Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 32, provided that one convicted of "breaking a storehouse . . . with an intent to commit murder or felony therein, or with the intent to steal . . . goods of another of the value of" $100.00 or more shall be guilty of a felony and subject to imprisonment not exceeding ten years.[1] At the same time, Art. 27, § 342, provided, *inter alia,* that if one "shall break into any shop, storehouse . . . with intent to steal any money, goods or chattels under the value of" $100.00, he

---

1. The entire section is as follows:

"§ 32. Breaking outhouse, etc., or into boat with intent to commit felony.

Every person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a storehouse, filling station, garage, trailer, cabin, diner, warehouse or other outhouse or into a boat in the day or night with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of one hundred dollars ($100.00) or more therefrom, shall be guilty of a felony, and upon conviction sentenced to the penitentiary for not more than ten years."

By Ch. 687, § 5, of the Acts of 1979, the sum of $300.00 was substituted for $100.00.

is guilty of a misdemeanor and subject to imprisonment for not more than eighteen months.[2]

The defendant, Garett Nicholas Grimes, was charged in a two count indictment by a Montgomery County grand jury with violating Art. 27, § 32. The first count charged that the defendant, on May 22, 1978, "unlawfully did break the storehouse, the premises of Paul Darroch T/A Wildwood Manor Barber Shop, located at 10227A Old Georgetown Road, Bethesda, Montgomery County, Maryland, with intent to commit a felony therein, in violation of Article 27, Section 32 . . . ." The second count accused Grimes of an *attempt* to break the same storehouse with an intent to commit a felony therein, in violation of Art. 27, § 32.

At the trial in the Circuit Court for Montgomery County, the defendant's motion for judgment of acquittal on count two, the attempt charge, was granted. As to count one, the court, at the prosecutor's request and over the defendant's objection, instructed the jury that the charge of storehouse breaking with intent to commit a felony, in violation of Art. 27, § 32, included within it the charge of storehouse breaking with intent to steal goods worth under $100.00, in

---

**2.** The statutory section, as of May 1978, is as follows:

"§ 342. Breaking into building with intent to steal.

If any person shall break into any shop, storehouse, tobacco house, warehouse, or other building, although the same be not contiguous to or used with any mansion house with intent to steal any money, goods or chattels under the value of one hundred dollars, or if any person shall break into any shop, storehouse, tobacco house, warehouse, or other building, although the same be not contiguous to or used with any mansion house, and steals from thence any money, goods or chattels under the value of five dollars, he, his aiders, abettors and counsellors shall be deemed guilty of a misdemeanor and shall be tried before any court of competent jurisdiction, and being thereof convicted, shall restore the goods and chattels so stolen, or pay the full value thereof to the owner thereof, and be further sentenced to the penitentiary or house of correction, or to the jail of the county in which the offense may have been committed, or of the City of Baltimore, if the offense be committed in said city, in the discretion of the court for not more than eighteen months."

Chapter 513 of the Acts of 1978 added the language "or into any boat, craft, or vessel" near the beginning of the section, and Ch. 849, § 5, enacted the same year, renumbered § 342 to be § 33A of Art. 27. Chapter 687, § 4, of the Acts of 1979, substituted the sum of $300.00 for $100.00 in the first part of the statute.

violation of then Art. 27, § 342. The jury was authorized to convict Grimes of the § 342 misdemeanor even though that offense was not specifically charged in the indictment. Grimes was found guilty under Art. 27, § 342, and was sentenced to eighteen months' imprisonment.

The Court of Special Appeals affirmed, holding that "a charge under § 32 carries with it a charge under § 342" and that "[a]ppellant was indeed charged with the crime of which he was convicted." *Grimes v. State,* 44 Md. App. 580, 585, 586, 409 A.2d 767 (1980). The intermediate appellate court initially pointed to the proposition adopted by that court in *Johnson v. State,* 38 Md. App. 100, 109, 379 A.2d 436 (1977), that "conviction of a necessarily included lesser offense is permissible under a document charging a greater offense." After reviewing several of this Court's opinions dealing with §§ 32 and 342, however, the Court of Special Appeals stated (44 Md. App. at 584-585) that § 342 cannot be regarded as a lesser included offense of § 32. The court took the position, based on the history of the two statutes, that they are not different offenses but represent different degrees of the same offense. The Court of Special Appeals thus stated (*id.* at 585):

> "We traced the history of these two provisions in *Prevatte v. State,* 40 Md. App. 623 (1978). We there pointed out that the original storehouse breaking offense, as enacted by the General Assembly in 1809, made no distinction between an intent to commit grand or petit larceny. Both were then felonies, and what the statute prohibited was storehouse breaking with intent to commit a felony. Only when, in 1933, the Legislature made petit larceny a misdemeanor did it become necessary, in order to maintain the existing ambit of the storehouse breaking offense, to divide it into two sub-offenses — one where the intent was to commit a felony (including, of course, grand larceny) and the other where the intent was to commit only petit larceny, now a misdemeanor.

> "From this history, and from a simple analysis of the two statutes, it seems clear that they involve not different offenses but the same offense in different degrees. . . ."

The court concluded that its holding in *Johnson,* regarding greater and lesser included offenses, would also apply to different degrees of the same offense. Thus, under this ruling, one charged under one statutory provision may be convicted under another statutory provision if the latter is held to be a lesser degree of the same offense.

We granted the defendant's petition for a writ of certiorari in order to determine the validity, under Maryland law, of the general proposition adopted by the Court of Special Appeals in *Johnson v. State, supra,* 38 Md. App. at 109, and in the present case, namely that a defendant charged with one offense may be convicted of any lesser included offense, or any lesser degree of the same offense, even though the lesser included offense or lesser degree is not mentioned in the charging document. However, upon further consideration, we believe that the validity of this general proposition cannot be decided in the present case. With regard to a storehouse breaking with intent to commit larceny, the relationship of § 342 (now 33A) to § 32 is neither that of a lesser included offense nor a lesser degree of the same offense. Whatever may be the rule with respect to other related statutory offenses, as to these two sections one cannot be convicted under one if he is charged only under the other.

In *Johnson v. State,* 223 Md. 479, 164 A.2d 917 (1960), the defendant was charged in count one of the indictment with breaking a storehouse with intent to steal goods valued at $25.00 or more, which was then the monetary minimum set forth in Art. 27, § 32. Between 1952 and 1960, and at the time of the offense in *Johnson,* there was a degree of monetary overlap between § 32 and § 342, as the latter statute then covered an intent to steal goods under the value of $100.00. A charge that the defendant broke a storehouse with the intent of stealing goods valued at more than $25.00

but less than $100.00 may have then stated an offense under either statute. Consequently, if count one of the indictment in *Johnson* had stood alone, it could at that time have charged an offense under either § 32 or § 342. However, in count two of the indictment in *Johnson,* the defendant was charged with larceny of the same goods, valued at $142.00. The defendant pled guilty to count one and was sentenced to five years' imprisonment. He then attacked the conviction, arguing that count one also charged an offense under § 342, that the maximum prison sentence under § 342 was only eighteen months, and that he intended to plead guilty to a § 342 offense. In rejecting this argument, this Court pointed to count two of the indictment which informed the defendant that the value of the goods involved was $142.00. 223 Md. at 482. In light of this valuation, the Court held that the indictment plainly charged a violation of § 32 and not a violation of § 342. The Court stated that, except within the area of monetary overlap then existing, §§ 32 and 342 were "complementary and mutually exclusive." *Id.* at 481. *See also Vandegrift v. State,* 226 Md. 38, 41 n. 1, 171 A.2d 713, 91 A.L.R.2d 507 (1961) (indicating that when the charge was breaking with intent to steal goods, it would encompass a violation of both § 32 and § 342 only if the value alleged fell within the area of overlap existing between 1952 and 1960, in which case the sentence would be limited to the maximum specified in § 342).

Although in a different factual context, *Johnson v. State* clearly holds that a charge under § 32, beyond the monetary maximum set forth in § 342, does *not* also encompass a charge under the latter statute. Thus, the decisions of the trial court and the Court of Special Appeals in the present case cannot be reconciled with the position previously taken by this Court.

*Wersten v. State,* 232 Md. 164, 192 A.2d 286 (1963), is also inconsistent with the idea that, with respect to storehouse breaking with an intent to commit larceny, § 342 is a lesser included offense or a lesser degree of the same offense as § 32. The defendant in *Wersten* was charged in the first count with breaking a storehouse with intent to steal

property worth $100.00 or more in violation of § 32, and in the second count with breaking into a storehouse with intent to steal property worth less than $100.00 in violation of § 342. In a nonjury trial, the defendant was found guilty on both of these counts, and, on appeal, he contended that the verdicts were inconsistent and could not stand. This Court agreed, saying (232 Md. at 165-166):

> "The appellant's first contention is sound. §§ 32 and 342 of Art. 27 are complementary and mutually exclusive, as they were prior to 1952 and as they have been since the amendment of 1960 of § 32 brought the $100.00 line of demarcation under that section into accord with the $100.00 limit of § 342, which had been established in 1952. *Johnson v. State,* 223 Md. 479, 481, 164 A.2d 917. A breaking and entering may be with intent to steal property worth $100 or more or with intent to steal property worth less than $100.00, but not with both of these intents. . . ."

The Court remanded the case for the trial judge to determine whether the defendant was guilty on count one or on count two. If § 342 had been viewed as a lesser included offense, or a lesser degree of the same offense, such a remand would not have been necessary; instead, the conviction on the lesser count would have merged into the conviction on the greater. *See also Turner v. State,* 242 Md. 408, 415, 219 A.2d 39 (1966).

The Court of Special Appeals in the present case acknowledged that, in light of this Court's decision in *Wersten v. State, supra,* § 342 could not be treated as a lesser included offense of § 32. Nevertheless, because the storehouse breaking statute as enacted in 1809 made no distinction between the value of the goods intended to be taken, and because the distinction did not appear until the enactment of § 342 in 1933, the same year petit larceny was made a misdemeanor, the Court of Special Appeals

concluded that §§ 32 and 342 are "the same offense in different degrees." 44 Md. App. at 585.[3]

The view that different statutory provisions may constitute the same crime, although in different degrees, has been taken by this Court with respect to certain common law offenses. Typically, this arises when the Legislature deals with a single common law offense and, without changing the basic common law elements of that offense, divides it for purposes of punishment because of the presence or absence of aggravating or mitigating factors. Thus, murder was one offense at common law, but, for purposes of punishment depending upon the presence or absence of premeditation and deliberation, the Legislature has classified it into two degrees. Similarly, robbery remains a single common law offense, but the Legislature, in separate statutory sections (Art. 27, §§ 486 and 488) has provided greater punishment if a dangerous or deadly weapon is used. However, with regard to such offenses, the greater degree includes the lesser degree. The lesser degree of the same offense "must be treated as a lesser included offense," *Sweetwine v. State,* 288 Md. 199, 201 n. 1, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S. Ct. 579, 66 L. Ed. 2d 477 (1980), and cases cited. Because of the consistent holdings of this Court that §§ 32 and 342 are mutually exclusive insofar as they encompass storehouse breaking with larcenous intent, the two statutes could not constitute different degrees of the same offense as this Court has used that concept.[4] Moreover, neither statute

---

**3.** For a comprehensive history of the storehouse breaking, and related statutes, *see* Moylan, *Maryland's Burglary and Larceny Laws,* 4 U. Balt. L. Rev. 28 (1974).

**4.** In addition to the mutually exclusive monetary limits, there may be another reason why the storehouse breaking offense under § 342 cannot be regarded as a lesser degree of the crime under § 32. The offense under § 342 might contain a distinct element or requirement not present in § 32. Although neither statute expressly requires an entry, § 342 contains the language that the breaking must be "into" a shop, storehouse, etc. The word "into" is left out of § 32 with regard to everything except a boat. Because of the absence of the word "into" in § 32, the Court of Special Appeals in Sample v. State, 33 Md. App. 398, 365 A.2d 773 (1976), held that § 32 encompassed the breaking *out* of a storehouse with a larcenous intent, even though there was no breaking "into" the storehouse. Whether § 342 would cover the same activity, or instead whether the word "into" represents an additional element to be proved, has not been considered by the Court of Special Appeals or by this Court.

244

embodies a common law offense. Rather, the offenses embraced by the two statutes are legislative creatures.

Although the General Assembly might deal with a single legislatively created offense in two different statutory provisions, so that the provisions represent different degrees of the same offense, there is no indication that §§ 32 and 342 fall into such category. On the contrary, for many years the Court has held that §§ 32 and 342 embody *separate,* mutually exclusive offenses, and the General Assembly, presumably aware of those holdings and amending the provisions in other respects, has not modified this view of the two statutes. Furthermore, the differences between the two statutes are too great for any inference that the Legislature intended them to represent the same offense. While both deal with storehouse breaking with intent to commit larceny, each statute contains dissimilar other offenses or alternate elements. Thus, § 32 includes breaking with intent to commit murder or any other felony, whereas the intent provision of § 342 does not extend beyond stealing. On the other hand, § 342 embraces the distinct offense of breaking into and actually stealing goods under the value of five dollars. There is no comparable offense under § 32. Article 27, § 33, is the statute which prohibits the breaking and actual stealing of goods worth more than five dollars.

In sum, we adhere to the view expressed in *Johnson v. State, supra,* 223 Md. 479, that § 32 and § 342 (now 33A) are separate offenses, and that a charge under § 32 does not include a charge under § 342. As one may not be found guilty of a crime which is not included in the charging document, *Turner v. State, supra,* 242 Md. at 414, the defendant's conviction under § 342 must be reversed.

> *Judgment of the Court of Special Appeals reversed, and case remanded to that Court with directions to reverse the judgment of the Circuit Court for Montgomery County.*
>
> *Montgomery County to pay costs.*