## PAUL EUGENE HAWKINS, JR. *v.* STATE OF MARYLAND

[No. 104, September Term, 1980.]

*Decided November 4, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Maureen O'Ferrall, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., and RODOWSKY, J., concur in part and dissent in part. RODOWSKY, J., filed a concurring and dissenting opinion at page 696 *infra,* in which MURPHY, C. J. concurs.

We granted the defendant's petition for a writ of certiorari in this criminal case primarily to resolve the question of whether a defendant, charged with one offense, may be convicted of a lesser included offense even though the lesser included offense was not mentioned in the charging document. This issue has been a recurring one in Maryland, but this Court has not yet had an occasion to decide it.[1] *See* the discussion in *Grimes v. State,* 290 Md. 236, 240, 429 A.2d 228 (1981). Unfortunately, for reasons stated later, we shall be unable to decide the issue in the present case. However, we shall reverse the defendant's conviction and order a new trial on a second ground presented in the petition for a writ of certiorari, namely that the trial court improperly restricted defense counsel's closing argument to the jury.

The relevant facts of the case can be briefly stated. The defendant, Paul Eugene Hawkins, Jr., was charged in the Circuit Court for Montgomery County with the felony of daytime housebreaking in violation of Maryland Code (1957,

---

1. With respect to a few offenses, the Legislature has resolved the matter by statute. *See* Maryland Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.), Art. 27, § 616.

1976 Repl. Vol.), Art. 27, § 30 (b). The indictment contained only one count, presenting that the defendant "in the daytime, unlawfully did break and enter the dwelling house, the premises of Jorge Silva, . . . with intent to steal, take or carry away personal property of Jorge Silva, in violation of Article 27, Section 30 (b) . . . ."

At the trial, the State's evidence indicated the following. The defendant and an alleged accomplice were observed by two police officers knocking on the front door of a single family house in Montgomery County. After knocking for a few minutes, the defendant and his companion walked around to the rear of the house. When the police officers approached the house, they heard the sound of breaking glass and then noticed someone moving inside. The house was placed under surveillance; a canine unit arrived on the scene; and the police then entered the house, finding the defendant and his confederate hiding in the attic. The police observed that several items had been disturbed in the master bedroom and that the nightstand drawer was open. The owner of the house testified that this drawer had not been open when he had left the house. The police concluded that entry to the house had been gained by breaking a glass pane in the back door.

The defendant presented no evidence on his own behalf. At the conclusion of the State's case, the defendant's attorney requested a jury instruction that the indictment also covered the "lesser included" offense of breaking and entering a dwelling house under Art. 27, § 31A, which does not require proof of an intent to steal and which is a misdemeanor. Defense counsel asked the court to inform the jury that it could convict the defendant of the lesser offense under § 31A, even though that offense was not expressly alleged in the indictment. This request for a jury instruction was refused by the trial court.

In addition, defense counsel informed the trial court that in closing argument to the jury, counsel intended to refer to Art. 27, § 31A, pointing out to the jury that the State may have established the defendant's guilt with respect to this

lesser offense, but that the State failed to prove the defendant guilty of daytime housebreaking with intent to steal in violation of Art. 27, § 30 (b). The trial court decided that any reference to § 31A was "immaterial and irrelevant," and that the defendant could not mention this section in his closing argument.

The defendant was convicted of daytime housebreaking in violation of Art. 27, § 30 (b), and sentenced to seven years imprisonment. The Court of Special Appeals affirmed in an unreported opinion. This Court then granted the defendant's petition for a writ of certiorari, which raised two questions. The first was: "Did the trial judge err in refusing to instruct the jury on a lesser offense necessarily included in the indictment?" The second question was whether the trial judge erred in not permitting the defendant to refer to Art. 27, § 31A, in his closing jury argument.

(1)

We have concluded that the first issue raised in the certiorari petition cannot be decided in this case because Art. 27, § 31A, is not a lesser included offense of Art. 27, § 30 (b). We have on many occasions pointed out that the test for determining whether one offense is included in another, is the so-called "same evidence" or "required evidence" test set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under this standard, if each offense "requires proof of a different element" (*Blockburger,* 284 U.S. at 304), then one is not a lesser included offense of the other. *See Simms v. State,* 288 Md. 712, 726, 421 A.2d 957 (1980); *Whack v. State,* 288 Md. 137, 142, 416 A.2d 265, *appeal dismissed* and *cert. denied,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981), and cases there cited. Section 31A cannot be a lesser included offense of § 30 (b), as each requires proof of an element not required by the other.

Art. 27, § 30 (b), referred to as the "daytime housebreaking statute," is as follows:

"Any person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a dwelling house in the daytime with intent to commit murder or felony therein, or with intent to steal, take or carry away the personal goods of another of any value therefrom, shall be guilty of a felony, and upon conviction thereof, shall be sentenced to the penitentiary for not more than ten years."

Art. 27, § 31A, provides:

"Any person who breaks and enters the dwelling house of another is guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to imprisonment for a term of not more than three (3) years or a fine of not more than five hundred dollars ($500.00) or both."

Under § 30 (b), the State is required to prove that the breaking was with the intent to commit murder or a felony or to steal, take or carry away the personal goods of another. No such intent is required under § 31A. Section 31A, on the other hand, expressly requires that there be an entry. Under § 30 (b), however, merely a breaking is required rather than a breaking and entering. *Reagan v. State,* 4 Md. App. 590, 594, 244 A.2d 623 (1967); *Reagan v. State,* 2 Md. App. 262, 267, 234 A.2d 278 (1967). In not containing the element of an entry, § 30 (b) is like the storehouse breaking statute, Art. 27, § 32. *See Grimes v. State, supra,* 290 Md. at 243, n.4; *Sample v. State,* 33 Md. App. 398, 401-403, 365 A.2d 773 (1976).

As the two statutes each contain a distinctive element, § 31A is not a lesser included offense of § 30 (b). Whatever may be the rule in Maryland with regard to lesser included offenses, it is clear that if a crime is not included within the offense charged, one may not be convicted of that crime. *Grimes v. State, supra,* 290 Md. at 244. Consequently, the trial judge correctly denied the defendant's requested instruction.

(2)

Although the jury could not have convicted the defendant of violating Art. 27, § 31A, we believe that defense counsel should have been permitted to refer to that statute in connection with his closing argument designed to persuade the jury that the State had failed to establish a violation of Art. 27, § 30 (b).

In his opening statement to the jury, the defense counsel told the jury the following:

> "Now, ladies and gentlemen, as I said the State has chosen the crime with which to charge the Defendant, and they bear the burden of proving that particular crime. It may be that you will hear other evidence in this case of what you might consider to be a crime in itself, but His Honor, the Court will instruct you that in order for you to convict, it has to be of a particular crime charged by the State, and I would submit if you'd listen carefully to the evidence, you will find that the State has fallen short in its burden of proving each element beyond a reasonable doubt.
>
> Quite simply, ladies and gentlemen, I believe the State has charged the Defendant with the wrong crime."

The defense counsel in closing argument desired to make essentially the same statement, adding the factor that it was § 31A which, in light of the evidence, the State should have charged.

As Judge Digges pointed out for the Court in *Dorsey Bros., Inc. v. Anderson,* 264 Md. 446, 454, 287 A.2d 270 (1972), "[w]e have long held that counsel has great latitude in the presentation of closing argument . . . ." And in *Wilhelm v. State,* 272 Md. 404, 412, 326 A.2d 707, 714 (1974), the Court in an opinion by Judge O'Donnell observed: "Generally, counsel has the right to make any comment or argument that is warranted by the evidence proved or inferences therefrom . . . ." The closing argument which defense

counsel desired to make in the instant case was "warranted by the evidence" and, therefore, counsel has a "right" to make it.

Although it is clear, as the dissent points out, that the arguments of counsel should be confined to the issues in the case, the reference to Art. 27, § 31A, did relate to the issues in the case. It was not "immaterial and irrelevant" as held by the trial court. As the State has the burden of proving every element of the crime, the defendant's attorney, in closing argument, is entitled to contend that the State's proof was deficient in one respect or another. *See Eley v. State,* 288 Md. 548, 553, 419 A.2d 384 (1980). As the crime charged required proof by the State of an intent to steal, and as § 31A contains no such element, the reference to § 31A was part of the defendant's argument that the State failed to establish the requisite intent.

Defense counsel, in wishing to mention § 31A in his closing statement, merely wished to frankly admit, consistent with the State's overwhelming evidence of a breaking, that the defendant was guilty of the offense prohibited by § 31A, which necessitates no proof of a felonious intent. He desired to point out that the State had failed to charge a violation of § 31A, that the State decided to charge under the statute requiring proof of an intent to steal, and that, in this respect, the State had failed to prove its case. The reference to § 31A, and the frank admission of culpability thereunder were in effect trial tactics designed to highlight the contention of the defense counsel that while the State may have proved the elements of § 31A, that was not sufficient evidence on which to base a guilty verdict under the statute which was charged.

Other courts which have considered the matter approve the tactic of counsel admitting culpability to one crime not charged in order to emphasize the contention of innocence of the crime charged. In *United States v. Roberts,* 583 F.2d 1173 (10th Cir. 1978), *cert. denied,* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 49 (1979), for example, the defendants had been convicted of importing heroin and conspiracy to import. On appeal one defendant, Freeman, argued, *inter alia,* that

his conviction should be overturned because portions of his co-defendant's counsel's closing arguments were unduly prejudicial. Specifically, the co-defendant's counsel "had argued [that] the evidence showed, if anything, distribution, possession or use of heroin by the defendants, but certainly not importation." *Id.* at 1177. The court found that this comment had not unduly prejudiced Freeman, but in fact, was merely the exercise of a common trial tactic. The court stated: "Although Freeman may have elected a different defensive tack, this was simply the application of a frequently used and sometimes effective tactic." *Ibid.* Finally, the United States Court of Appeals concluded:

> "The comments of codefendants' counsel concerning [the uncharged offenses of] distribution, possession and use found support in the evidence and fell within the permissible range of comment by counsel."

*Ibid.,* citing *Turberville v. United States,* 112 U.S. App. D.C. 400, 303 F.2d 411 (D.C.Cir.), *cert. denied* 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813 (1962).[2]

The closing argument which petitioner's counsel desired to make in the present case is a normal and legitimate type of closing argument for defense counsel to make in a criminal case. It was error not to have allowed it.

> *Judgment of the Court of Special Appeals reversed, and case remanded to that court with instructions to reverse the judgment of the Circuit Court for Montgomery County and remand the case for a new trial.*
>
> *Costs to be paid by Montgomery County.*

---

**2.** The *Turberville* court found it proper for a defense counsel in that case to argue in his closing presentation, that one of the several defendants should be convicted of a lesser offense than that charged. *Turberville, supra* at 404, 303 F.2d at 411. *Compare Roberts, supra,* and *Turberville* with

*Rodowsky, J., concurring in part and dissenting in part.*

I concur in Part (1) of the opinion of the Court, but respectfully dissent from Part (2).

In order to put the issue, as I see it, in perspective, some additional facts should be stated. In the discussion between court and counsel of requested instructions, defense counsel asked that he be allowed to argue to the jury that the indictment included two offenses, those set forth in Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 30 (b) and § 31A. This foundation for the proposed argument has been rejected. Defense counsel then contended that the defendant "has a right to any reasonable instruction which reasonably encompasses the facts of the case as proven; and, your Honor, I would combine that argument both that I be allowed to tell the jury about this other crime and § 31A and also that the instruction be given." When the State argued that § 31A was not charged, that its injection into the case would be confusing, and that it would be improper to introduce penalties and severity levels of the different crimes, defense counsel stated that he proposed to "stop reading where [§ 31A] says a misdemeanor or felony." Thus, when the trial court denied defense counsel's request, it in effect would not permit defense counsel to read from the Maryland Code the following: "Any person who breaks and enters the dwelling house of another is guilty of a [crime]."

In its instructions to the jury the trial court included the following passage:

> The fact that the Defendant has been accused is no proof or is no evidence that he is in any way guilty of the crime with which he has been charged, *and even if you should find from the facts that he may be guilty of some other crime than that with which he is charged or for which he is indicted, that*

---

People v. Flanders, 183 Colo. 268, 516 P.2d 418 (1973) (holding, but offering no authority for the position, that the defense counsel could neither argue nor receive an instruction distinguishing the crime charged from a lesser-unincluded offense not charged).

*is not to be evidence of guilt in this matter.*
[Emphasis supplied.]

Defense counsel, in his summation, just prior to concluding with a final reference to the reasonable doubt burden of proof, argued:

> Now, the State has elected to charge the Defendant with this particular offense, and it has the elements that the State has shown you, and by their election to charge the Defendant with this particular crime, they have the burden of proving every element in this crime.
>
> It may be that you feel that some other crime was committed, but, ladies and gentlemen, you can't convict Mr. Hawkins of the crime of daytime housebreaking as charged because you feel there may have been other criminal acts he committed. You have to find that he committed this particular crime chosen by the State.

Where the trial judge is said to have erred was in excluding from the foregoing argument a reading of the elements of the crime set forth in § 31A. The test for error by a trial court in restricting final argument of defense counsel is whether there has been an abuse of discretion. *Eley v. State,* 288 Md. 548, 556, 419 A.2d 384, 388 (1980). In my view, the facts here fall far short of meeting that standard. I fail to see how prohibiting the reading of the law of a crime which is not charged constitutes an abuse by the trial judge of the discretion vested in him to control the arguments of counsel. While "[t]here are no hard — and — fast limitations within which the argument of earnest counsel must be confined" and counsel are allowed "liberal freedom of speech," the "arguments of counsel are required to be confined to the issues in the cases on trial . . . ." *Wilhelm v. State,* 272 Md. 404, 413, 326 A.2d 707, 714 (1974).

I have no quarrel with the proposition illustrated by cases like *United States v. Roberts,* 583 F.2d 1173 (10th Cir. 1978),

*cert. denied,* 439 U.S. 1080, 99 S. Ct. 862, 59 L. Ed. 2d 49 (1979) and *Turberville v. United States,* 303 F.2d 411 (D.C. Cir.), *cert. denied* 370 U.S. 946, 82 S. Ct. 1596, 8 L. Ed. 2d 813 (1962). In those cases one defendant sought a new trial claiming prejudice resulting from the argument of counsel for a co-defendant. It was held to be proper for the co-defendant to have argued that the evidence established, or may have established, a lesser offense than the more serious offense which the co-defendant contended had not been proved. In the instant matter, defense counsel made such an argument. But here, counsel also sought to read the law of the lesser crime to the jury. In this respect *People v. Flanders,* 183 Colo. 268, 516 P.2d 418 (1973), is in point.

*Flanders* was an appeal from a conviction for attempting the statutory crime of burglary of a coin telephone. The defendant had been apprehended inside the telephone booth with a hammer and pry bar. There was debris on the floor of the booth and the telephone was damaged. Its coin box contained $2.10. As his defense the defendant asserted that he had not formed the intent to break into the coin box until he was inside of the booth and consequently was not guilty of attempted burglary as charged, but only of attempted theft. Requests for instructions on the distinction between felony and misdemeanor theft, and for permission to argue this distinction in closing argument, were denied. The Colorado Supreme Court found no error in this ruling because "[t]he degree of theft was not material to the charge of attempted burglary." 183 Colo. at 269-70, 516 P.2d at 419. In the instant matter the Court has taken pains to demonstrate that Article 27, §§ 30 (b) and 31A constitute separate crimes. The elements of § 31A are not material to a charge of violating § 30 (b).

The role of a jury in a criminal trial in Maryland, as the judge of the law under Article 23 of the Declaration of Rights, does not make the trial court's ruling in this case an abuse of discretion. In *Stevenson v. State,* 289 Md. 167, 179, 423 A.2d 558, 564 (1980), we said:

> In fact, viewed affirmatively, the past decisions of this Court make it quite evident that the jury's role in judging the law under Article 23 is confined *"to resolv [ing] conflicting interpretations of the law [of the crime] and to decid[ing] whether th[at] law should be applied in dubious factual situations," and nothing more. Dillon v. State,* 277 Md. 571, 581, 357 A.2d 360, 367 (1976) . . . . [Emphasis in original.]

The "law of the crime" is the law of the crime charged and not that of some other crime which is not charged.

The issue in the case at bar was whether the State had established beyond a reasonable doubt every element of a violation of § 30 (b), including, here, the intent to steal. It was not whether the defendant had violated § 31A. There is no contention that argument attacking the sufficiency of the proof of intent was restricted. When defense counsel sought to expand his argument from one of fact to one of law, concerning the elements of another crime, and the State objected, the trial judge had to rule on relevancy. In considering the relevancy of the proffered *legal* argument, the trial court made its judgment of the scope of the legal issues presented concerning the elements of crime by standing on the bedrock of the charging document. The Court today has unfortunately eroded that foundation and, more remarkably, has implicitly labeled reliance on that foundation an abuse of discretion. I see no abuse of discretion in a trial judge restricting legal arguments to the jury about the elements comprising one or more crimes to the elements of the crimes charged. Indeed, I am at a loss to determine what other standard the trial court should have applied here.

Chief Judge Murphy has authorized me to state that he joins in the views expressed in this concurring and dissenting opinion.